**Harry L. DILLMAN,**
**Plaintiff-Appellant,**

v.

**COMBUSTION ENGINEERING, INC.,**
**Defendant-Appellee.**

**No. 394, Docket 85–7123.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 1985.

Decided Jan. 28, 1986.

C. Michael Budlong, Hartford, Conn., for appellant.

Frank F. Coulom, Jr., Hartford, Conn. (Emanuel N. Psarakis and Robinson & Cole, Hartford, Conn., on the brief), for appellee.

Before TIMBERS, KEARSE and PRATT, Circuit Judges.

TIMBERS, Circuit Judge:

Harry L. Dillman ("appellant") appeals from a summary judgment entered January 15, 1985 in the District of Connecticut, Jose A. Cabranes, *District Judge*, dismissing his age discrimination action against his ex-employer, Combustion Engineering, Inc. ("appellee"), as time barred because of appellant's failure to file a claim with the Equal Employment Opportunity Commis-

sion ("EEOC") within the statutory time period. Appellant contends that the district court should have applied either equitable tolling or equitable estoppel to cure appellant's admittedly untimely EEOC filing. We hold that appellant has failed to establish that there is a triable issue of fact with respect to either the equitable tolling or equitable estoppel claims. We affirm.

## I.

We summarize only those facts believed necessary to an understanding of the issues raised on appeal.

Appellant is a 58 year old executive. Appellee is a Delaware corporation with its headquarters in Stamford, Connecticut. Appellant worked for appellee for fifteen years until his termination on January 12, 1982. His last position with appellee was as manager of its Windsor (Conn.) Data Center.

All relevant events occurred in 1982, until appellant's filing of his claim with the Connecticut Commission on Human Rights and Opportunities, referred to below.

On January 12 appellant, then 54, was notified that he was going to be replaced as manager of the Windsor Data Center. Appellee told appellant that he would receive a paid leave of absence for four months and that he should apply for a management position at appellee's plant in New Jersey. Appellant applied for the new position but was turned down on January 27. In February appellee provided appellant with an office, secretary and other "professional outplacement services".

During the Spring of 1982 appellant and appellee engaged in negotiations over what severance benefits appellant should receive. By a letter dated June 1, appellee informed appellant that he would receive half pay until July 30 and then would be placed on leave without pay status until February 1, 1983 when appellant would become eligible for early retirement. Appellant responded with a letter dated June 3, in which he rejected appellee's plans as "unacceptable". Further discussions en-

sued which culminated in appellee sending appellant another letter dated July 29. This letter offered appellant a choice of either: (1) full pay until July 30, and half pay until September 30, plus "outplacement services"; or (2) full pay until September 30, but no "outplacement services". Both options also allowed appellant to take an unpaid leave of absence until he became eligible for early retirement. Appellant responded by a letter dated July 30, in which he chose the second option, but he reserved "any rights that I may have to proceed thereafter with such additional and further action as may be deemed appropriate under the law."

Appellant obtained another in job in October. He never applied to appellee for early retirement. On February 10, 1983 appellant filed a claim against appellee with the Connecticut Commission on Human Rights and Opportunities alleging age discrimination. The Commission dismissed the claim because it was filed more than 180 days after appellant's termination.

On March 4, 1983 appellant filed a claim with the EEOC claiming that appellee had fired him because of his age. The EEOC attempted a conciliation, but on July 1, 1983 it notified the parties that the attempted conciliation had failed.

Appellant commenced the instant action in the district court on July 20, 1983. In his complaint appellant alleged that appellee wrongfully had terminated him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1982). On October 17, 1983 appellee filed a motion to dismiss which, by agreement of the parties, the district court treated as a motion for summary judgment. Appellee asserted that appellant's claim was not timely filed with the EEOC and that the untimely filing barred any civil action in the federal court.

On January 15, 1985 the district court granted summary judgment in favor of appellee. The court held that the action was time barred and refused either to equitably toll the EEOC filing deadline or to equitably estop appellee from asserting the EEOC filing deadline as a defense. This appeal followed.

In the balance of this opinion, we shall outline the relevant statutory provisions of the ADEA, followed by a discussion of appellant's equitable tolling and equitable estoppel claims.

## II.

The ADEA was designed to eliminate arbitrary age discrimination in employment. 29 U.S.C. § 621(b). Under the ADEA an aggrieved party must file a claim with the EEOC within 300 days of the discriminatory action or within 180 days of the discriminatory action if the state involved has no agency authorized to investigate age discrimination. 29 U.S.C. §§ 626(d)(1), (d)(2), 633(b). Since Connecticut has such an agency, both parties agree that the 300 day period is the applicable filing deadline in the instant case. This time period begins on the date the employee receives notice of his discharge, not necessarily on the date of termination. *Miller v. International Telephone and Telegraph Corp.*, 755 F.2d 20, 23 (2 Cir.), *cert. denied*, 106 S.Ct. 148 (1985). No civil action based on a claim of age discrimination may be brought in a federal court unless the plaintiff has timely filed his claim with the EEOC. 29 U.S.C. § 626(d); *Miller, supra*, 755 F.2d at 23. Congress, however, intended that timely EEOC filing serve more as a statute of limitations than as a jurisdictional prerequisite. The filing deadline therefore is subject to equitable modification or estoppel. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395 n. 11 (1982), *citing* H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12, *reprinted in* 1978 U.S.Code Cong. & Ad.News 528, 534 ("The conferees agree that the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act.").

Both parties agree that appellant failed to file his claim with the EEOC within 300 days of his notice of discharge. The only

issue on this appeal therefore is whether the district court erred in holding, as a matter of law, that there are no appropriate grounds for either equitably tolling the EEOC filing deadline or equitably estopping appellee from asserting the EEOC filing deadline as a defense.

## III.

### (A) *Equitable Tolling*

■ Appellant claims that the district court should have applied the doctrine of equitable tolling to the EEOC filing deadline to render his filing timely. We need spend little time on this claim. Appellant asserts that appellee's offers of severance benefits prevented appellant from exercising his rights and misled him about the need to file with the EEOC. Appellant misperceives the grounds necessary for invoking equitable tolling. We have held that "[t]he essence of the doctrine 'is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action.'" *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2 Cir.1985), *quoting Long v. Abbott Mortgage Corp.*, 459 F.Supp. 108, 113 (D.Conn.1978). The doctrine, however, is equitable in nature and will be applied, for example, when an employer's misleading conduct is responsible for the employee's unawareness of his cause of action. *Cerbone, supra,* 768 F.2d at 49–50. Therefore, when an employer's conduct is "extraordinary" enough, *Miller, supra,* 755 F.2d at 24, equitable tolling will defer the start of the EEOC filing period from the time of the discriminatory action to the time the employee should have discovered the action's discriminatory nature. *Cerbone, supra,* 768 F.2d at 49.

■ On the record in the instant case the district court was correct in holding that, as a matter of law, appellant was not entitled to equitable tolling of the EEOC filing period. Appellant simply did not present any evidence that he was unaware of his cause of action under the ADEA because of appellee's misleading conduct. On the contrary, the record strongly indicates that appellant was aware of his statutory rights at the earliest possible moment.

First, it is undisputed that appellee complied with the ADEA's requirement of posting notices around the workplace listing employees' rights concerning age discrimination. There is authority that compliance with this posting requirement alone may be sufficient to defeat an employee's equitable tolling claim, since a court can presume knowledge of statutory rights based on the notices. *See Downie v. Electric Boat Division*, 504 F.Supp. 1082, 1087 (D.Conn.1980). Second, appellant admitted in his deposition that one of his duties as manager of the Windsor Data Center was to prevent employment discrimination, including age discrimination. Third, appellant's negotiations with appellee over his severance benefits are replete with references to appellant's "rights under the law". Appellant's argument about appellee's offers of severance benefits does not even address appellant's awareness of his cause of action. Since there was no evidence whatsoever that appellee misled appellant concerning his rights under the ADEA and the only evidence indicates that appellant was aware of his rights regardless of appellee's conduct, summary judgment was appropriate with respect to the equitable tolling claim. There were no facts on the basis of which a jury reasonably could find the "extraordinary circumstances" necessary for equitable tolling.

### (B) *Equitable Estoppel*

Appellant also claims that the district court should have applied the doctrine of equitable estoppel to prevent appellee from asserting the EEOC filing deadline as a defense, or at least that the issue of equitable estoppel presented a question of fact sufficient to preclude summary judgment. While appellant's equitable estoppel claim is stronger than his equitable tolling claim, we hold that it is without merit.

■ "Unlike equitable tolling, which is invoked in cases where the plaintiff is ignorant of his cause of action because of the

defendant's fraudulent concealment, equitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing his lawsuit." *Cerbone, supra,* 768 F.2d at 49–50. The doctrine properly may be invoked in a case in which the employer has misrepresented the length of the limitations period or in some other way has "lulled the plaintiff into believing that it was not necessary for him to commence litigation." *Id.* at 50.

Other circuits have applied equitable estoppel in cases in which the employer falsely has assured the employee that it will settle the claim by reinstatement, the employee relies on the representation, and the employee then delays filing his EEOC claim. *E.g., Ott v. Midland-Ross Corp.,* 600 F.2d 24, 28–31 (6 Cir.1979); *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 193 (3 Cir.), *cert. denied,* 439 U.S. 821 (1978). We however have been careful not to penalize by estoppel an employer who in good faith attempts to ameliorate the employee's termination by offers of severance payments and retirement benefits. *Cerbone, supra,* 768 F.2d at 50 n. 4; *O'Malley v. GTE Service Corp.,* 758 F.2d 818, 822 (2 Cir.1985). *See also Chambers v. European American Bank and Trust Co.,* 601 F.Supp. 630, 637 (E.D.N.Y.1985) (fear of losing severance payments is not a ground for equitable tolling).

■ The facts of the instant case, even when viewed in the light most favorable to appellant, do not present a jury question on his equitable estoppel claim. It is undisputed that after January 27, 1982 appellee never mentioned the possibility of reinstatement to appellant. This fact distinguishes the instant case from most other equitable estoppel cases in which there was some bad faith promise of reinstatement that caused the employee to delay filing his EEOC claim. Appellant's claim is based on allegations not of reinstatement but that appellee "dangled" the vesting of early retirement and increased severance payments before appellant to delay his EEOC filing. The record shows, however, that appellee's offers were not at all conditional or "dangled", but rather were good faith attempts to ameliorate the effects of appellant's termination. As indicated above, such efforts, as a matter of law, never can provide the grounds for equitable estoppel. Moreover, the severance negotiation correspondence between appellant and appellee indicates that each enhanced offer by appellee was the result of appellant's refusal of a previous offer, not an attempt to delay appellant's EEOC filing. Furthermore, appellant's frequent reminders to appellee of his legal rights suggest that it was appellant who dangled the possibility of a law suit before appellee as a negotiating tactic, not the reverse. At the very least, appellant's forceful reservation of his legal rights is not conduct indicative of one treading softly for fear of losing "dangled" benefits.

In short, appellee's alleged conduct does not amount to the type of bad faith, dilatory actions that require equity to step in and estop a statute of limitations defense. Since appellant failed to present evidence that could be considered an appropriate ground for invoking the doctrine of equitable estoppel, the district court's grant of summary judgment based on appellant's untimely EEOC filing was correct. Appellant's reliance on the Ninth Circuit case of *Aronsen v. Crown Zellerbach,* 662 F.2d 584 (9 Cir.1981), *cert. denied,* 459 U.S. 1200 (1983), for the proposition that summary judgment is inappropriate in an equitable estoppel case is misplaced in view of appellant's failure to present even colorable estoppel grounds and our clear precedents approving summary judgment in such cases. *E.g., Cerbone, supra,* 768 F.2d 45; *O'Malley, supra,* 758 F.2d 818; *Miller, supra,* 755 F.2d 20.

### IV.

To summarize: We hold that on the instant record no jury reasonably could find the requisite grounds for invoking either an equitable tolling or equitable estoppel defense. Appellant failed to present any evidence that he was unaware of his rights or that appellee misled him about his

ADEA cause of action. Such evidence is necessary before a court may equitably toll the EEOC filing deadline. Appellant also failed to present any evidence that appellee improperly lulled him into delaying the filing of his EEOC claim. Such evidence is necessary before a court may equitably estop an employer from asserting the EEOC filing deadline defense. Since appellant's untimely EEOC filing cannot be excused, it is a bar to his commencing an action in the federal court.

Affirmed.