**Edwin GOSS, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**No. 84 Civ. 3644 (SWK).**

United States District Court, S.D. New York.

March 7, 1987.

Jenkins, Aings & Johnson, P.C. by William T. Johnson, Cambria Heights, N.Y., for plaintiff.

Townley and Updike by Kenneth McCullough, Barbara Roth, New York City, for defendant.

KRAM, District Judge.

This case is before the Court on defendant Pan American World Airways' ("Pan Am") motion to dismiss portions of the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, this motion is granted in part and denied in part.

## BACKGROUND

According to the amended complaint, plaintiff Edwin Goss is a 48 year old white male. He was hired by Pan Am in March 1959 and worked for Pan Am continuously until July 29, 1982, when Pan Am terminated him. He received severance pay until December 31, 1982. Goss applied for a comparable position with a Pan Am office in Miami, Florida in December 1982. At Pan Am's expense, he flew to Miami for an interview, was told he would be recommended for the job, but was denied the position in April 1983. Goss filed a charge of age discrimination in connection with his termination and application to be rehired with the Equal Employment Opportunity Commission ("EEOC") on July 27, 1983.

Goss claims that in both discharging and failing to rehire him, Pan Am discriminated against him on the basis of his age in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.;* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.;* the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); the Fourteenth Amendment;

and § 296(1)(a) of the New York Executive Law.

## DISCUSSION

1.  *Claims under the 1866 Civil Rights Act, Title VII, and the Fourteenth Amendment*

Pan Am seeks to dismiss any claims seeking relief under these provisions for failure to state a claim upon which relief can be granted. Goss states that he intended only to bring his claims under the ADEA, and thus consents to such dismissal. Any claims brought under the above provisions are thus dismissed.

2.  *Claim of Unlawful Discharge under the ADEA*

Pan Am argues that the Court does not have subject matter jurisdiction over Goss' claims relating to his termination because Goss filed his charge of age discrimination after the 300 day time period required by 29 U.S.C. § 626(d). Plaintiff claims he received notice of his discharge on July 28, 1982. His time to file a charge with the EEOC thus commenced on that date. *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 59 (2d Cir.1986). Plaintiff's complaint asserts that he did not file his EEOC charge until July 27, 1983, which is well past the 300 day time limit.

■ Although no civil action based on a claim of age discrimination may be brought unless the plaintiff files a timely claim with the EEOC, the 300 day filing deadline is closely akin to a statute of limitations and is not a jurisdictional prerequisite. *Dillman*, 784 F.2d at 59. It is thus subject to equitable modification or estoppel. *Id.*

■ Goss raises four arguments on his behalf. He argues that Pan Am failed to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure by failing to plead the affirmative defenses of statute of limitations and failure to state a claim. Pan Am, however, clearly raises both defenses in its answer. Goss' second argument, that equitable tolling applies, is without merit, as he cites no facts or evidence that he was

ignorant of his rights. Goss also argues that this is actually a summary judgment motion and he cannot adequately respond until he conducts more discovery. However, the factual basis for Pan Am's motion is contained within Goss' complaint, and Goss states in his brief that the facts are undisputed. Finally, Goss argues that his termination was a continuing violation. However, his termination constituted a single action at the time it occurred. *See United Airlines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). The payment of severance does not extend the length of this violation. *Dillman*, 784 F.2d at 61.

Although Goss does not specifically raise the defense of equitable estoppel, his references to the circumstances surrounding the Miami job imply this defense, and the Court will also consider whether, based on the facts alleged, he could establish equitable estoppel.

■ In this Circuit, equitable estoppel can apply where "the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing the lawsuit," *Dillman*, 784 F.2d at 61; and the defendant somehow misled the plaintiff into believing he would be reinstated or the case would be settled. *See Dillman*, 784 F.2d at 61; *Cerbone v. ILGWU*, 768 F.2d 45, 49 (2d Cir.1985); *O'Malley v. GTE Service Corp.*, 758 F.2d 818, 822 (2d Cir.1985). Equitable estoppel is not applied where it discourages employers from ameliorating the consequences of termination. *See Dillman*, 784 F.2d at 61; *Cerbone*, 768 F.2d at 50, n. 4.

■ Plaintiff's allegation regarding his possible rehiring in Miami could support a claim of equitable estoppel under these standards. The circumstances surrounding the alleged promise to rehire must be more fully explored before the Court can fully determine whether equitable estoppel properly applies.

3.  *Compensatory Damages under the ADEA*

■ Goss' request for compensatory damages under the ADEA is dismissed, as

such damages are not permitted under the ADEA. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147–48 (2d Cir. 1984).

4. *State Law Claim*

Goss seeks compensatory damages under his state law claim, and in support of his claim he is permitted to present evidence of mental and physical anguish. Such evidence would be prejudicial to Pan Am's defense of the ADEA claim. The Court thus dismisses Goss' state law claim without prejudice to renew if plaintiff drops his claim for compensatory damages.

SO ORDERED.