**Zbigniew S. PETRYKIEWICZ, Plaintiff,**

v.

**XEROX CORPORATION, Defendant.**

No. 96–CV–6273L.

United States District Court,
W.D. New York.

Nov. 25, 1997.

reasons discussed, infra, Xerox' motion is granted and the complaint is dismissed.

### FACTS

Petrykiewicz was born on August 15, 1931. Starting in approximately 1983, Petrykiewicz began working in Xerox' Webster, New York facility as a contract employee through CDI Corporation, a company that supplies contract workers to Xerox and other businesses.

Petrykiewicz' first assignment at Xerox was as an "estimator/planner." In 1987, he became an "electrical engineer" whose duties included testing the electrical equipment at a new building that was being constructed for Xerox. After construction of the building was completed, Petrykiewicz remained a contract employee at the plant and continued to service the plant's electrical equipment.

During his tenure as a contract worker, Petrykiewicz made it known to his supervisors that he was interested in obtaining full-time employment directly with Xerox. However, it is conceded that, although he had worked at Xerox since 1983, the only time Petrykiewicz actually completed an employment application at Xerox for an available position was sometime in 1991.

Petrykiewicz was never hired as a direct employee by Xerox. In April 1993, Xerox hired three contract employees, significantly younger than Petrykiewicz, as full time employees. Shortly thereafter, Petrykiewicz complained, through counsel, to Xerox regarding the company's failure to hire him as a direct employee. Thereafter, in June 1993, Petrykiewicz received a letter from his supervisor regarding the "degradation" of Petrykiewicz' job performance and informing him that he was being placed on probation. In December 1993, Petrykiewicz was terminated from his position as an engineering contract worker.

On April 30, 1994, Petrykiewicz filed a charge of age discrimination with the New York State Division of Human Rights relating to the three individuals that had been hired by Xerox in April, 1993. According to Petrykiewicz' charge, when he asked management why he was not hired for the available positions, Petrykiewicz was informed

Zbigniew S. Petrykiewicz, Rochester, NY, pro se.

J. Nelson Thomas, Nixon, Hargrave, Devans & Doyle, LLP, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

### BACKGROUND

Plaintiff, Zbigniew S. Petrykiewicz ("Petrykiewicz"), filed a complaint on June 17, 1996 against Xerox Corporation ("Xerox") alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. Petrykiewicz alleges that Xerox failed to hire him because of his age and terminated his employment as a contract employee in retaliation for his complaining about age discrimination.

Pending before the court is a motion for summary judgment filed by Xerox. For the

that a bachelor's degree, which he did not possess, was a prerequisite for the positions. Although acknowledging that he lacked a bachelor's degree, Petrykiewicz claimed in his charge that he was qualified for the positions because he had three years of electrical engineering and installation training and approximately forty years of field experience. Petrykiewicz also alleged in his charge that the three people hired only had associate degrees [1] and that, in the past, a Xerox employee was made project engineer even though he did not have an engineering degree.

On October 25, 1995, the State Human Rights Division issued a determination of "no probable cause" to believe that Xerox engaged in unlawful discrimination. Thereafter, on April 25, 1996, the Equal Employment Opportunity Commission ("EEOC") issued a determination that the evidence did not establish a violation of the employment discrimination statutes.

## DISCUSSION

### I. Summary Judgment Standards

Pursuant to Fed.R.Civ.P. 56(c), a moving party is entitled to a judgment as a matter of law if there is "no genuine issue as to any material fact" and where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The burden is on the moving party to inform the court of the basis for its motion and to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After the moving party has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita, supra,* at 586, 106 S.Ct. at 1355. "[T]he non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 587, 106 S.Ct. at 1356 (quoting Fed.R.Civ.P. 56(e) (al-

teration in original)). However, at the summary judgment stage, when perusing the record to determine whether a rational factfinder could find for the non-moving party, all reasonable inferences must be drawn in favor of the non-moving party. See *Murray v. National Broadcasting Co.*, 844 F.2d 988, 992 (2d Cir.), *cert. denied,* 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988).

The general principles underlying a motion for summary judgment apply no less to this action simply because it is an employment discrimination case. It is true that courts exercise caution when considering whether to grant summary judgment in cases where an employer's intent is at issue. See, e.g., *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir.1994). However, "summary judgment remains available to reject discrimination claims in cases lacking genuine issues of material fact." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 40 (2d Cir.1994). For a plaintiff in a discrimination case to survive a motion for summary judgment, he or she must do more than present "conclusory allegations of discrimination," *Meiri v. Dacon,* 759 F.2d 989 (2d Cir.) *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985); he or she must offer "concrete particulars" to substantiate the claim. *Id.* See *Duprey v. Prudential Ins. Co.,* 910 F.Supp. 879, 883 (N.D.N.Y.1996).

### II. Failure to Hire

■ The standards relating to burden and order of proof in ADEA cases are the same as those involving Title VII cases. *Lorillard v. Pons,* 434 U.S. 575, 584, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978); *Tyler v. Bethlehem Steel Corp.,* 958 F.2d 1176, 1180 (2d Cir.), *cert. denied,* 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

The sufficiency of plaintiff's claim is analyzed according to the three-step scheme set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973) and in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). *EEOC v. Ethan Allen,*

---

**1.** Xerox has submitted the employment applications of the three individuals. The applications indicate that all three had bachelor's degrees at the time they were hired.

*Inc.,* 44 F.3d 116, 119 (2d Cir.1994); *Kirschner v. Office of the Comptroller,* 973 F.2d 88, 91 (2d Cir.1992). Within that framework, the plaintiff has the initial burden of proving a *prima facie* case of discrimination. To do so, plaintiff must show that: (1) he was over forty years of age at the time in question; (2) he applied for and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants. *Hudson v. International Business Machines, Corp.,* 620 F.2d 351, 354 (2d Cir.), *cert. denied* 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980). "Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Burdine, supra* at 254, 101 S.Ct. at 1094.

Once the plaintiff succeeds in establishing a *prima facie* case, the burden then shifts to the employer to articulate some legitimate, non-discriminatory reason for the plaintiff's rejection. "If the defendant proffers such a reason, the burden is then on the plaintiff to show that the employer's stated reason was merely a pretext for discrimination; the presumption of age discrimination drops from the case and plaintiff retains the ultimate burden of proving the employer's reason for its adverse employment decision was a pretext for intentional age discrimination." *Gallo, supra* at 1224.

Initially, it should be noted that Petrykiewicz' complaint is very vague and does not describe in any detail the positions he contests. However, Petrykiewicz' administrative charge did specifically complain of three positions that were filled by Xerox in Spring, 1993. Petrykiewicz alleged in his charge that three contract workers who were significantly younger than himself were hired into full-time positions and that the only reason that he was not hired into one of these positions was due to his age. Since these matters were raised in his administrative

charge, and because *pro se* complaints should be construed liberally, I will read Petrykiewicz' complaint as incorporating his charges of age discrimination as it relates to the three contract employees who were hired in the Spring of 1993.[2]

Xerox contends that Petrykiewicz has not established a *prima facie* case because he has failed to demonstrate that he applied for any of the positions contested in this lawsuit. Xerox contends, and Petrykiewicz concedes, that the only time Petrykiewicz completed an employment application was in 1991, more than a year before any of the contested positions were filled. Xerox asserts that a prospective employee is required to complete an employment application in order to be considered for a position with Xerox and that Petrykiewicz was aware of this requirement. Thus, Xerox argues, Petrykiewicz has failed to establish a *prima facie* case of age discrimination because he has failed to demonstrate that he "applied" for an available position.

I am not prepared to find, on the facts presented, that Petrykiewicz failed to apply for the available positions. Although Petrykiewicz admits that he completed only one employment application, he also contends that he made it known to his supervisors that he was interested in obtaining a full-time position with Xerox. Furthermore, Petrykiewicz' position as a long-term contract employee with Xerox places him in a somewhat different situation than someone "off the street" who seeks employment with Xerox. It remains a question of fact as to whether Petrykiewicz "applied" for the positions contested here. As such, for purposes of this motion, viewing the evidence in the light most favorable to Petrykiewicz, I find that Petrykiewicz did apply for the contested positions.

Although I find that Petrykiewicz did apply for the positions at issue for purposes of this motion, I have serious doubts as to

---

**2.** To the extent that Petrykiewicz purports to allege age discrimination relating to positions he sought other than the three contained in his administrative charge, those claims would not properly be before this Court and would be subject to dismissal because an ADEA action may

not be brought in federal court unless the claims were properly raised with the EEOC. 29 U.S.C. § 626(d); *Miller v. ITT Corp.,* 755 F.2d 20, 23, *cert. denied* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Dillman v. Combustion Engineering, Inc.,* 784 F.2d 57, 59 (2d Cir.1986).

whether Petrykiewicz has established the other elements of a *prima facie* case, i.e. that he was "qualified" for the positions he sought and that, after his rejection, Xerox continued to seek applications from persons of Petrykiewicz' qualifications.

Xerox contends that in 1993, its policy was to hire into engineering positions only those persons who had attained a bachelor's degree. It is undisputed that Petrykiewicz does not possess such a degree and, in fact, only has the foreign equivalent of an associate's degree. Petrykiewicz, on the other hand, contends that he was qualified for an engineering position, notwithstanding his lack of a bachelor's degree, due to his extensive work experience. Since the issue of Petrykiewicz' "qualifications" for the disputed positions is inextricably wrapped up with Xerox' articulated reason for its decision not to hire Petrykiewicz, I will assume for purposes of this motion that Petrykiewicz was "qualified" for the positions and that he has carried his *prima facie* burden, which is minimal in any event. *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988).

Xerox has likewise met its burden of articulating a legitimate, non-discriminatory reason for its decision not to hire Petrykiewicz, i.e., his lack of a bachelor's degree. Since this case is before the court on a motion for summary judgment, Petrykiewicz must show the existence of a genuine issue of fact concerning whether Xerox' stated reason is a pretext for age discrimination. Fed.R.Civ.P. 56; *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 509 (2d Cir.1994); *LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 843 (1st Cir.1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994).

Viewing the record in the light most favorable to Petrykiewicz, I find that he has failed to meet this burden. To demonstrate pretext, Petrykiewicz claims that not all new engineers had bachelor's degrees at the time of their employment. However, the employment applications of the three individuals who were hired into the contested positions indicate that all three did in fact have bachelor's degrees in engineering at the time they were hired.[3] Affidavit of David L. Stone, Ex. A–E, February 3, 1997. Petrykiewicz has failed to come forward with any evidence to contradict the information contained on the employment applications regarding the type of degree each applicant possessed. Further, the record is devoid of any other evidence, circumstantial or direct, that would cast doubt on Xerox' articulated reason for its decision not to hire Petrykiewicz.

Petrykiewicz claims that, although he did not have a bachelor's degree, he was qualified for the positions he sought as a result of his years of work experience. Even if that is true, Petrykiewicz' subjective view of his qualifications is insufficient to demonstrate pretext. *See Viola v. Philips Medical Systems of North America*, 42 F.3d 712, 718 (2d Cir.1994); *Shapolia v. Los Alamos Nat. Laboratory*, 992 F.2d 1033 (10th Cir.1993). Moreover, "it is not the function of a factfinder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal." *Dister, supra* at 1116. *See also Graefenhain v. Pabst Brewing Co.*, 827 F.2d 13, 20 (7th Cir.1987)("A business decision need not be good or even wise. It simply has to be nondiscriminatory . . ."). It is undisputed that in 1993, Xerox did have a policy requiring bachelor's degrees for engineers in Petrykiewicz' department. It is also undisputed that Petrykiewicz knew of this requirement and was in fact informed in writing that he could not be considered for direct employment because of the departmental policy of only hiring engineers with college degrees. See Attachment to Plaintiff's Complaint. It is not for this court to determine the merits of that policy. Absent any evidence that Xerox' stated requirement that prospective engineers have a bachelor's

---

**3.** Petrykiewicz also claims that Thomas O'Connor was promoted to the position of project engineer even though he only possessed an associate's degree. While Xerox concedes that O'Connor was promoted to project engineer while possessing only an associate's degree, that promotion occurred on May 1, 1992, more than three hundred days prior to Petrykiewicz's age discrimination charge. Furthermore, it is undisputed that O'Connor, 43 years old at the time of his promotion, was hired in 1981 when a bachelor's degree for his position was not required.

degree was a pretext for age discrimination against Petrykiewicz, I find that Petrykiewicz had failed to carry his burden and his age discrimination claim must be dismissed.[4]

### III. Retaliation Claim

■ Petrykiewicz also claims that he was terminated as a contract worker at Xerox in retaliation for complaining about age discrimination. The ADEA prohibits an employer from taking any adverse employment action against an employee who complains about an unlawful practice.

Absent direct proof, "[t]he order and allocation of burdens of proof in retaliation cases follow that of general disparate treatment analysis as set forth in *McDonnell Douglas Corp. v. Green ...*" *Sumner v. U.S. Postal Service,* 899 F.2d 203, 208 (2d Cir.1990) (citations omitted). To establish a *prima facie* case of retaliation under the ADEA, a plaintiff must show (1) protected participation or opposition under the ADEA known by the alleged retaliator, (2) an employment action disadvantaging the person engaged in the protected activity and (3) a causal connection between the protected activity and the disadvantageous employment action. *DeCintio v. Westchester County Medical Center,* 821 F.2d 111, 115 (2d Cir.) (citations omitted), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). "Proof of a causal connection can be established indirectly by showing that the protected activity was followed closely by discriminatory treatment ..." *Id.*

Here, Petrykiewicz participated in protected activity by complaining to Xerox about what he perceived to be age discrimination. His termination is undeniably a "disadvantageous employment action taken against him." Finally, because Petrykiewicz was terminated several months after complaining, he has adequately pleaded a causal relationship between his protected activity and the adverse employment action. *Manoharan v. Columbia U. Col. of Phys. & Surgeons,* 842 F.2d 590, 593 (2d Cir.1988)("Proof of the causal connection can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.") (citations omitted). Thus, Petrykiewicz has established a *prima facie* case of retaliation.

However, Xerox has also met its burden by providing evidence that retaliation played no part in the decision to terminate Petrykiewicz. David L. Stone, a human resources manager at Xerox, has stated in an affidavit that during 1993, in order to reduce costs in Building 224, the building in which Petrykiewicz worked, Xerox decided to reduce staffing levels. Rather than laying off Xerox employees, the decision was made to eliminate all engineering contract workers in that building by 1994. At the time of the decision, there were sixteen contract workers in Building 224. According to Stone, by the end of 1993, all positions for engineering contract workers in Building 224 were eliminated, except for one position which was eliminated sometime in 1994. None of the contract workers were re-assigned to other buildings or departments. However, as previously discussed, three contract workers in Petrykiewicz's department were hired as regular Xerox employees in April 1993.[5] As stated above, these three workers all possessed bachelor's degrees. No position of engineer contract worker existed in Building 224 by the end of 1993, except for the one that was eliminated in 1994. A total of nine contract workers, including Petrykiewicz, were terminated by the end of 1993 and were not otherwise reassigned or hired as regular employees.

Petrykiewicz offers nothing to rebut Xerox' explanation for his termination. There is simply nothing in the record that could

---

4. Petrykiewicz also contends that he applied for foreman and supervisor positions for which a bachelor's degree was not required. However, according to Xerox and undisputed by Petrykiewicz, no position of supervisor or foreman was filled within the 300 day period prior to Petrykiewicz' discrimination charge. Moreover, the only position of supervisor/foreman Petrykiewicz specifically complains of in his complaint is one in which Petrykiewicz alleges was filled by Willie Robinson in 1992, more than 300 days prior to Petrykiewicz's age discrimination charge.

5. Three other contract workers from Building 224 were also converted to regular Xerox employees in April 1993. According to Xerox, these individuals worked in a different unit and performed jobs different than Petrykiewicz.

support a finding that Xerox' articulated legitimate reason for Petrykiewicz' termination was pretextual. Thus, I find that Petrykiewicz has failed to adequately demonstrate that Xerox' stated reasons for its actions were pretextual. As such, Petrykiewicz's retaliation claim must be dismissed.

## CONCLUSION

The motion for summary judgment brought by Xerox is granted. Plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.