**Gary HOLM, Plaintiff–Appellant,**

**v.**

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 00–9173.**

United States Court of Appeals, Second Circuit.

March 23, 2001.

Harry J. Binder, Binder & Binder, LLP, Hauppauge, NY, for appellant.

Evan L. Gordon, New York, NY, for appellee.

Present SOTOMAYOR, and KATZMANN, Circuit Judges, and BERTELSMAN,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

---

* The Honorable William O. Bertelsman of the United States District Court for the Eastern District of Kentucky, sitting by designation.

Plaintiff-appellant Gary Holm ("Holm") appeals from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) granting summary judgment to First Unum Life Insurance Company ("First Unum"), the administrator of his employer's long-term disability plan (the "LTD Plan"). The district court held that First Unum did not violate the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, when it refused to hear Holm's late-filed administrative appeal from the denial of Holm's claim for long term disability benefits. The district court also ruled that this failure by Holm to properly exhaust his administrative remedies precluded the court from reaching the merits of First Unum's initial decision to deny his claim.

■ Holm concedes that, as a general rule, failure to exhaust administrative remedies is sufficient ground for dismissal of an ERISA claim, *see, e.g., Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588, 594–95 (2d Cir.1993), but contends that the district court erred in not recognizing that "equitable considerations" present in his case excuse his failure to do so. Holm's reference to equitable considerations does not appear to be an invocation of the doctrine of equitable tolling, because he does not claim to have been unaware of the 60–day deadline to appeal the denial of his claim clearly set forth in the LTD Plan. *See generally Dillman v. Combustion Eng'g, Inc.,* 784 F.2d 57, 60–61 (2d Cir. 1986). Nor does he appear to be invoking the doctrine of equitable estoppel, because he does not claim that "the defendant's conduct caused him to delay" bringing his appeal. *Id.* Rather, Holm asserts that First Unum has "unclean hands" because First Unum was late in notifying him that his claim was denied, and that it would be inequitable for First Unum to defeat his

cause of action based on his untimeliness when it also did not meet the deadlines proscribed in the plan. Specifically, under the LTD Plan, First Unum stated that it would notify a claimant in writing if his or her claim was denied within 90 days of the date the claim was filed or, in special circumstances, within 180 days. However, First Unum did not notify Holm of the denial of his claim until November 17, 1997—217 days after receiving the claim.

■ Holm's reliance on the equitable doctrine of "unclean hands" is misplaced. The "unclean hands" doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.,* 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). This doctrine would appear to be inapplicable to First Unum here, as it is neither a plaintiff seeking to open the "doors of a court of equity," nor a party seeking any affirmative relief from the court, such as by asserting a counterclaim. Even if the doctrine were somehow applicable to a party in First Unum's position, there would be no cause to apply it here because First Unum's delay cannot be characterized as a "transgress[ion][of] equitable standards of conduct," or otherwise unfair, fraudulent or deceitful. *See id.* at 814–15, 65 S.Ct. 993. First, undisputed evidence in the record shows that, as the district court found, First Unum's delay in reaching its decision to deny benefits was primarily due to Holm's and his doctors' "failure to provide the necessary medical information in time for [First Unum] to make such a decision." Second, the LTD Plan stated expressly stated that "if UNUM does not respond to your claim within the time limits set forth [in the plan], you should automatically assume that your claim has been denied and you should begin the appeal

**42**

process at that time." The presence of this statement means that not only was Holm on notice of the possibility that First Unum might issue a late denial, but the LTD Plan in fact gave him even more time within which he could have brought his administrative appeal without running afoul of the 60–day appeal deadline.

Finally, we reject Holm's claim that the failure to seek further administrative remedies would have been futile, because this argument was not raised below. *See Kraebel v. New York City Dep't of Housing Pres. & Dev.,* 959 F.2d 395, 401 (2d Cir.1992). In any event, this argument finds no support in the record. *See Kennedy,* 989 F.2d at 594 (record must contain a "clear and positive showing that pursuing available administrative remedies would be futile") (internal quotation marks omitted); *see also Berger v. Edgewater Steel Co.,* 911 F.2d 911, 917 (3d Cir.1990) (finding that futility exception applied where policy of denying claims for certain retirement benefits was demonstrated).

We have considered Holm's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.