## S. S. HEPWORTH CO. v. WESTERN STATES MACH. CO. et al.

District Court, S. D. New York.

May 31, 1944.

Nims, Verdi & Martin, of New York City (W. D. Keith, of New York City, of counsel), for plaintiff.

Hammond & Littell, of New York City (Albert C. Johnston, of New York City, of counsel), for defendant Western States Mach. Co.

James L. Robinson, of New York City, for defendant Frank L. Allen, Inc.

CAFFEY, District Judge.

Western argues that subdivision (h) of rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is an obstacle to consideration of the motion. The ground assigned for the contention is that (as it says) by delay Hepworth has waived its right to object to the sufficiency of the sixth or of the seventh defense or of paragraph 2 of the latter.

By notice of November 19, 1943, Hepworth moved to strike the seventh defense or, if that be not done, to strike the second paragraph thereof. The matter came before Judge Leibell and, except for striking out a few immaterial words, he denied the motion in a memorandum of November 26 and made an order to that effect dated November 29, 1943. The sixth defense was not included in the November, 1943, notice of motion.

In substance Judge Leibell held the seventh defense, and possibly its second paragraph, to be adequate in law; and, so far as has been drawn to my attention or I have discovered, previous to the present criticism the sufficiency of the sixth defense has never been contested. On the basis of these facts Western urges that the rule mentioned prohibits disturbing the situation save that, as provided in the rule, "the objection of failure to state a legal defense to a claim may * * * be made * * * by motion for judgment on the pleadings or at the trial on the merits."

It is at least questionable whether either alternative (i. e., a motion for judgment on the pleadings or a motion at the trial) would be helpful. Nevertheless, the question will be discussed.

On the one hand, two sets of views have been expressed in the court decisions which in effect, or as a practical matter, indicate that there is no benefit to be derived from passing on the defenses. In the first case, where the court rendered a decree on its own motion, it was held that, for the purpose of passing on the motion, the denials and well-pleaded allegations of the answer must be taken as true. Beal v. Missouri Pacific R. Co., 312 U.S. 45, 51, 61 S.Ct.

494

418, 85 L.Ed. 577. Upon submission of the matter on those terms in the present case, obviously the motion would have to be denied. In the second case, where the proceeding was for summary judgment, it was said that the proceeding could not be regarded as a trial. Prudential Ins. Co. of America v. Goldstein, D.C.E.D.N.Y., 43 F. Supp. 767, 768, first full paragraph of left hand column. See also Lucking v. Delano, 74 App.D.C. 134, 122 F.2d 21, 22, and Somers Coal Co. v. United States, D.C. N.D.Ohio, 2 F.R.D. 532, 533. Hence, if the holdings in the Prudential-Goldstein case be accepted, upon literal application of the words to rule 12(h), it would mean that determination of whether the defenses are good must be postponed until the final trial (now set for next October) is reached.

On the other hand, rule 56(a) provides that the plaintiff (Hepworth), who is the "party seeking to recover upon a claim," at any time after service of the answer thereto, may "move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." The language quoted seems to me to be unambiguous and to sustain the course adopted by Hepworth in making its motion for summary judgment.

Some support for the view just stated also will be found in Dysart v. Remington-Rand, Inc., D.C.D.Conn., 31 F.Supp. 296, 297. There, in substance, it was held that it is within the discretion of the court, in advance of trial, to determine an objection that a special defense fails to state a legal defense. See also Hartford Accident & Indemnity Co. v. Flanagan, D.C.S.D.Ohio, 28 F.Supp. 415, 416 (2d column), 417 (1st column), 421. In the latter case the plaintiff moved for summary judgment on the pleadings, the affidavits and other documents. The defendant joined in the motion and both motions were acted on; but the question of practice was not mentioned.

Apparently there is no ruling squarely in point. Certainly there is some confusion, and perhaps some conflict, in the opinions I have examined. Nevertheless, I am persuaded that it is within this court's discretion in advance of the trial to pass on the legal sufficiency of the defenses assailed. Otherwise, the plain language of rule 56(a), supplemented by the Dysart case, would be disregarded and read out of existence.