UNITED STATES of America, Plaintiff,

v.

CENTRAL STATES THEATRE CORPORATION, Center Drive-In Theatre Co., Midwest Drive-In Theatre Co., Defendants,

Frank D. Rubel, Additional Defendant. Civ. No. 0117.

United States District Court
D. Nebraska.

Dec. 5, 1957.

Earl A. Jinkinson and Francis C. Hoyt, Chicago, Ill., and William C. Spire, U. S. Atty., Omaha, Neb., for plaintiff.

Yale C. Holland, Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for defendants, Central States Theatre Corp. and Frank D. Rubel.

DELEHANT, District Judge (retired, serving by assignment).

This action to obtain injunctive relief was brought by plaintiff under Section 4 of the Sherman Act, Title 15 U.S.C.A. § 1 et seq., on account of, and to obtain the termination of, alleged violations of section 1 of the Act in the way of an alleged combination and conspiracy in restraint of interstate trade and commerce. The present ruling is made only in relation to a preliminary procedural step in the case.

In its answer to the complaint (filing No. 16), defendant Central States Theatre Corporation, among other things, in paragraph I

"denies that it transacts business in the District of Nebraska, and that it is found in the District of Nebraska, and alleges that valid service of summons cannot be made and has not been made in this action upon defendant in the District of Nebraska."

and in paragraph VIII,

"alleges that the averments of plaintiff's complaint are insufficient to state a claim upon which the relief prayed for herein could be granted. And defendant alleges that the court is without jurisdiction over the person of this defendant and is without jurisdiction to grant the relief herein prayed for."

The quoted portions of such answer in part respond to and dispute allegations touching the same subject matter of plaintiff's complaint.

Similarly, though not identically, defendant, Frank D. Rubel, also responding to allegations against him in the complaint, as amended and supplemented, in paragraph VII of his answer (filing No. 37):

"alleges that the averments of plaintiff's complaint are insufficient to state a claim upon which the relief prayed for herein against this defendant could be granted. Defendant alleges that this court is without jurisdiction over the person of this defendant and is without jurisdiction to grant the relief prayed for."

Those answers having been served and filed, plaintiff served and filed the motions which precipitate this ruling. The earlier of these (filing No. 21) asks that, within Rule 12(d) of Fed.Rules Civ.

Proc., 28 U.S.C.A. hearing be had, and determination before trial made, upon the following defenses asserted in the answer of Central States Theatre Corporation, namely:

"the defense of insufficiency of service of process appearing in paragraph I of said answer;" and

"the defense of lack of jurisdiction of the person and of the subject matter appearing in paragraph VIII of said answer."

Similarly, the motion later filed (filing No. 39), aimed at the answer of defendant, Frank D. Rubel, prays for like hearing and determination on:

"the defenses of lack of jurisdiction over the person and of the subject matter appearing in paragraph VII of said answer."

Those two motions have been submitted upon oral arguments of counsel and typewritten briefs. Both orally and in their briefs, counsel saw fit to argue not so much the appropriateness, or imprudence, as the case may be, in the present setting, of a pretrial adjudication upon the tendered special defenses, as the course upon the merits which any such determination should take. The court understands that the answering defendants, especially Central States Theatre Corporation, do not directly resist, in fact, probably invite, such pretrial determination. And defendant, Central States Theatre Corporation has filed certain affidavits by way of a showing which it considers to support its position on the merits of the special defenses tendered by it. Plaintiff has made no countershowing.

■ But despite the probable willingness of the litigants to have a pretrial hearing and determination upon those issues, whether such hearing and determination shall be had and made has to be—and is being—decided by the court. It retains control over its own calendar and administrative course.

■ Without unnecessary quotation, it may be observed that Rule 12(b) allows certain identified defenses, includ-ing those asserted by the present defendants, to be made either by answer or by motion. They are here tendered as parts of the answers of the affected defendants. It is then provided by Rule 12(d) that:

"The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion * * * shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

Thus, the course which plaintiff urges upon the court is by rule made available, and even accorded a recommended status. But it is not made imperative. Whether it should be pursued in a particular case rests in the court's discretion, which should be judicially exercised with due regard to the circumstances of such case. Montgomery Ward & Co. v. Schumacher, D.C.Cal., 3 F.R.D. 368; S. S. Hepworth Co. v. Western States Machine Co., D.C. N.Y., 3 F.R.D. 493; Equitable Life Assurance Society of United States v. Saftlas, D.C.Pa., 35 F.Supp. 62.

■ In the exercise of such discretion the court, in this instance, is persuaded that it should deny and overrule each of the motions of the plaintiff for pretrial determination, and affirmatively order that the hearing and determination of the tendered defenses be deferred until the trial. An order is being made and given accordingly. With no attempt at exhaustiveness or adequacy, some of the reasons supporting that action are now mentioned.

While legal considerations are, and will be, involved in the eventual determination of the defenses upon which pretrial rulings are sought, the issues tendered are basically factual. Moreover, they involve, in part at least, the denial by each of the defendants, Central States Theatre Corporation and Frank D. Rubel, of averments against it or him, as the case may be, made by plaintiff in its complaint as modified and supplemented. Now, the

court is not under the impression that issues thus arising may not possibly be tried and determined in advance of the final trial of an action upon its merits. Such a notion would be mistaken. But the court is persuaded that, in this particular case, the pretrial determination to which it is invited by the motions under consideration would be expensive both in money and in time, and administratively indiscreet and unwise. The whole evidence available upon the disputed points, in whatever form it may eventually be available, should be before the court, and the determination should be made upon it with consequent finality.

If the court were to proceed to a pretrial determination upon the issues tendered in the answers, and already pointed out, the factual background for the determination would have to be provided in either of two ways, (a) by affidavits and counter affidavits, or (b) by evidence and testimony in like manner as upon a regular trial.

Towards the former of those methods, the writer hereof acknowledges his entertainment of a considerable inhospitality. Factual submissions in that manner too frequently degenerate into "an ex parte swearing match," a matching of skills as between the contesting attorneys who prepare the showings. The result is a ruling based, not on testimony and evidence in any realistic sense, but on legal craftsmanship. And the showings made are almost invariably characterized by opinion, conclusion, hearsay and argument. It is a notoriously unsatisfactory method of coming by a firm finding respecting disputed facts.

The court in the present controversy is strongly disposed to require its solution on the basis of evidence presented in the usual way. And, that being true, and the matters in dispute having at least partially to do with factual allegations of the complaint, it appears to be highly desirable to receive such evidence only once and that during the regular trial of the action. Any other course would involve two trials, in both of which, to some extent and probably in considerable measure, the same evidence would be offered. A duplication of trial sessions, especially of the presentation of the same evidence, is intolerably costly in time and money. A court generally acts prudently when it resolves to "take only one bite at the cherry." Lastly, there is greater assurance of finality in a judgment—even upon a jurisdictional issue—made and given after all possible evidence is before the court, and the evidentiary record is unquestionably closed. One entered by way of a pretrial determination is exposed to the hazard of the reception in the final trial of further evidence which may substantially discredit —even though it may not compel the vacation of—the judgment rendered along the way towards the eventual trial.