UNITED STATES of America, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, Westinghouse Electric Corporation, and N. V. Philips' Gloeilampenfabrieken, Defendants.

United States District Court
S. D. New York.
Feb. 4, 1959.

Richard B. O'Donnell, Atty., Dept. of Justice, Anti-Trust Division, Harry G. Sklarsky, New York City, Herman Gelfand, Ralph S. Goodman, Attys., Dept. of Justice, Anti-Trust Div., New York City, of counsel, for United States.

Berle, Berle & Brunner, New York City, for defendant N. V. Philips', etc., Adolf A. Berle, Jr., Thorold J. Deyrup, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant Westinghouse.

Simpson, Thacher & Bartlett, New York City, for defendant General Electric.

DAWSON, District Judge.

In this case the plaintiff United States of America has moved for an order pursuant to Rule 12(d) of the Rules of Civil Procedure, 28 U.S.C.A. directing that a preliminary hearing be held to hear and determine before trial the issue of jurisdiction over the person of defendant N. V. Philips' Gloeilampenfabrieken.

This is an anti-trust action brought by the Government against three defendants. In the answer of the defendant N. V. Philips' Gloeilampenfabrieken this defendant alleges as an affirmative defense that the Court is without jurisdiction of the person of the defendant.

Rule 12(d) of the Rules of Civil Procedure provides that when such defense is interposed the defense "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

Whether the court should direct that the defense be heard before trial, or be reserved for the trial, is a matter of discretion of the judge. United States v. Central States Theatre Corp., D.C.D. Neb.1959, 159 F.Supp. 552.

There is every good reason why this preliminary question of jurisdiction over the defendant in a major anti-trust case should be determined before trial. If the Government does not have jurisdiction over the person of this defendant there is no reason why it should be put to the unnecessary expense of time and effort involved in a long anti-trust case. If it does have jurisdiction the issue of that jurisdiction should be determined promptly and before the trial.

The motion of the plaintiff is therefore granted and it is ordered that the defense of lack of jurisdiction over the person of the defendant shall be heard and determined before trial of the action. This will require that an application be made to the Chief Judge for the assignment of a judge to hear this particular aspect of the case. See Rule 2 of the Calendar Rules of the Southern District of New York. It is so ordered.