Daniel F. **VASCONCELLOS**

v.

**EG & G, INC. and its subsidiaries
and affiliates.**

Civ. A. No. 85–1614–N.

United States District Court,
D. Massachusetts.

July 23, 1990.

Linda E. Buffardi, Higgins, Cavanagh and Cooney, Providence, R.I., for plaintiff.

David Rapaport, Boston, Mass., for defendant.

## MEMORANDUM

ROBERT B. COLLINGS, United States Magistrate.

The plaintiff, Daniel F. Vasconcellos, has instituted the instant action against his former employer, EG & G, Inc. In his three count amended complaint (# 68–C),[1] the plaintiff sets forth two state law claims, wrongful termination and breach of oral contract in Count I and III respectively, and one federal law claim, violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, in Count II. The court's jurisdiction is alleged to be based on both diversity and the existence of a federal question.[2]

In lieu of answering the original complaint which incorporated a wrongful termination and an ADEA claim identical to those set forth in Counts I and II of the amended complaint, the defendant filed a motion to dismiss (# 5D). In seeking dismissal of the ADEA claim, the defendant argued that the action had not been timely filed, that is, within the applicable statute of limitations and, further, that no basis

---

1. Although plaintiff's Motion For Leave To File and Serve Second Amended Complaint (# 69) filed July 9, 1990 has been allowed, the allowance does not affect the issues presented in this memorandum.

2. The plaintiff alleges in paragraph 3 of the Amended Complaint that jurisdiction is based on 28 U.S.C. § 1337, a section relating to the district court's jurisdiction over actions arising under federal commerce and anti-trust regulations. It is assumed that this is a typographical error, and that jurisdiction is alleged to be based on 28 U.S.C. § 1331, federal question jurisdiction.

existed for equitable modification of the statutory time limits. Treating the motion as one for summary judgment, the Court denied the motion on June 13, 1986. Defendant's motion for reconsideration was similarly denied on November 18, 1986.

Subsequently, the parties consented to have the case referred to a United States Magistrate for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c). The District Judge referred the case to the undersigned for that purpose pursuant to the consent. The trial is scheduled for September 10, 1990.

■ At this juncture, the defendant is requesting that a pretrial evidentiary hearing be held on the question of whether the plaintiff's ADEA claim is time barred, including the question of whether the principles of equitable estoppel or equitable tolling pretermit the running of the statute of limitations. It is undisputed that the doctrines of equitable tolling and equitable estoppel may be employed to suspend the statute of limitations in an ADEA case. *Kale v. Combined Insurance Company of America,* 861 F.2d 746, 752 (1 Cir., 1988).

In effect, the defendant is arguing that if there are material issues of fact respecting the statute of limitations issue, those issues of fact must be decided by the Court prior to trial and that the plaintiff has no right to a jury trial on any aspect of that issue. Plaintiff argues that if there are disputed issues of fact on any aspect of the statute of limitations defense, those issues are for the jury.

The primary case upon which the defendant relies is *Rivera–Gomez v. deCastro,* 900 F.2d 1 (1 Cir., 1990). *Rivera–Gomez* was an action brought pursuant to 42 U.S.C. § 1983 in which, upon remand from the First Circuit, the district judge held a pretrial evidentiary hearing on the issue of equitable estoppel. Although the district court had not explicitly stated its authority for convening such a hearing, the Court of Appeals concluded the order was proper pursuant to the provisions of Rule 12(d), Fed.R.Civ.P., which provides:

> Preliminary Hearings. The defenses specifically enumerated (1)–(7) in [Rule]

12(b), whether made in a pleading or by motion, and the motion for judgment mentioned in [Rule 12(c)] shall be heard and determined before trial or application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

In discussing this rule with approval, the First Circuit noted that "[i]n a proper case, it can be an excellent device for conserving time, expense, and scarce judicial resources by targeting early resolution of threshold issues." *Rivera–Gomez v. deCastro, supra,* 900 F.2d at 2.

■ After expressing this generally favorable view of the rule, however, the Court limited its decision to the facts and circumstances of the case at hand, holding that:

> ... we ... think that, in this instance, the district court acted wisely and within its discretion in utilizing rule 12(d), we need not definitively resolve the issue of whether, and under what circumstances, Rule 12(d) can be utilized as a vehicle for preventative testing of the sufficiency of a limitations defense. Because appellants neither objected on this ground below nor assigned error to the procedural arrangement in their appellate brief, any shortcoming was waived. (citations omitted).

*Id.*

In short, the holding of a pretrial evidentiary hearing on the issue of equitable modification of the statute of limitations is not mandatory, but rather is left to the sound discretion of the court in light of all the facts and circumstances of the case. *See also,* 2A *Moore's Federal Practice* § 12.16. Since the plaintiff in the *Rivera–Gomez* case did not object to the procedure for any reason, much less for the specific reason that he had a right to a jury trial on the factual issues, the First Circuit did not have to decide whether the use of the procedure set forth in Rule 12(d), Fed.R.Civ.P., was permissible in such a situation.

The defendant additionally relies on the case of *Earnhardt v. Commonwealth of Puerto Rico,* 691 F.2d 69 (1 Cir., 1982) as

authority for the propriety of conducting a pretrial evidentiary hearing. The First Circuit remanded that case to the district court specifically to hold such an evidentiary hearing on the question of whether there were facts to support a finding of an equitable bar to the running of the statute of limitations. *Id.* at 73. The *Earnhardt* case, however, was a Title VII action wherein, of course, there is no right to a jury trial. At whatever stage of the proceeding, it would be the judge who would ultimately decide the issue. In any event, the *Earnhardt* case in no way implicates the conclusion that the decision of whether to hold an evidentiary hearing is discretionary.

In the instant case, plaintiff does object to the procedure on the specific ground that he is entitled to a jury trial on the factual issues which will determine the merits of the statute of limitations defense. Accordingly, I cannot rely solely on *Rivera–Gomez* in rendering a decision on the issue in the instant case.

The Sixth Circuit has held that a plaintiff is an ADEA case is entitled to a jury trial on factual issues which form the basis of the statute of limitations defense, including whether the doctrines of equitable tolling and/or equitable estoppel suspend the running of the statute. *Ott v. Midland–Ross Corp.*, 600 F.2d 24, 30–31 (6 Cir., 1979). The case has been cited in cases in which circuit courts have reversed grants of summary judgment and remanded the issues for trial. *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 307–09 (3 Cir., 1983); *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 61 (2 Cir., 1986); *Cocke v. Merrill, Lynch & Co., Inc.*, 817 F.2d 1559, 1561–62 (11 Cir., 1987). *See also Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595–96 (5 Cir., 1981).

Interestingly, in *Dillman, supra,* 784 F.2d 57, the Court held that "[t]he facts of the instant case, even when viewed in the light most favorable to appellant, do not present a *jury* question on his equitable estoppel claim." *Id.* at 61 (emphasis supplied). In the concluding paragraph summarizing its opinion, the Court wrote that

"[w]e hold that on the instant record no *jury* reasonably could find the requisite grounds for invoking either an equitable tolling or equitable estoppel defense." *Id.* (emphasis supplied). Yet, despite this language, a District Judge in the Southern District of New York, relying on *Dillman,* held that the issues re: equitable estoppel were for the Court, explaining that:

> [T]he issue of equitable estoppel is, by definition, to be decided by the court, and not by a jury. *See Dillman v. Combustion Eng'g, Inc.,* 784 F.2d 57, 60 (2d Cir.1986) ("The doctrine [of equitable estoppel] ... is equitable in nature ...").

*Majid v. Fielitz,* 700 F.Supp. 704, 707 (S.D. N.Y., 1988).

In the *Majid* case, the *Ott* case is not cited.

Since there appears to be no case in the First Circuit which deals with this issue, I shall follow the ruling in the *Ott* case and put all disputed issues regarding the statute of limitations, including any issues of equitable tolling and equitable estoppel, to the jury. Accordingly, I shall not hold an evidentiary hearing on these issues prior to trial.

In my view, this is the most sensible way to proceed given the posture of the case at this time and the precedents which I have cited.

First, I believe that the existence of material issues of fact on the statute of limitations defense is *res judicata* in this case. As previously noted, the District Judge treated defendant's motion to dismiss on statute of limitations grounds as a motion for summary judgment and denied it. From this it must be inferred that the Court found that a genuine issue of material fact existed.

Second, resolution of this case in its entirety does not hinge upon the equitable modification issue alone. Even if the plaintiff's federal age discrimination claim were to be dismissed, the Court would retain jurisdiction over the two state claims due to diversity. In other words, a trial would not be avoided as a consequence of a pretrial determination that the statute of limita-

tions on the federal claim had not been tolled.

Third, the same evidence that will be presented on the equitable modification issue will be offered to prove the merits of the breach of oral contract claim alleged in Count III. Since a trial on Count III will go forward in any event, a pretrial evidentiary hearing will result in a duplication of effort and expense.

In sum, I choose to "play it safe" and put the issues to the jury in the event that the First Circuit follows the *Ott* holding. The practical benefits to be gained in the instant case by a pretrial evidentiary hearing are not so significant so as to outweigh the risk of a reversal if the Court, after such an evidentiary hearing, found for the defendant and the First Circuit later adopts the *Ott* holding.