**EVELLO INVESTMENTS, N.V. and Solna Web, Inc., Plaintiffs,**

v.

**PRINTED MEDIA SERVICES, INC., Defendant.**

Civ. A. No. 94–2254–EEO.

United States District Court, D. Kansas.

Oct. 20, 1994.

Edward M. Boyle, Payne & Jones, Chtd., Overland Park, KS and Mark S. Gunnison, McDowell, Rice & Smith, P.C., Kansas City, MO, for Evello Investments, N.V. and Solna Web, Inc., Delaware Corporations.

Gerald A. King, Truman K. Eldridge, Jr., Renana B. Abrams, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, and Thomas L. Hamlin and John C. Knoepfler, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for Printed Media Services, Inc.

*MEMORANDUM AND ORDER*

EARL E. O'CONNOR, District Judge.

This matter is before the court on the joint motion of plaintiffs to determine sufficiency

of defense of failure to state a claim and to strike (Doc. # 13).[1] For the reasons set forth below, plaintiffs' motion will be denied.

This suit arises out of prior proceedings between the parties wherein Printed Media Services ("PMS") sought to enforce a default judgment against plaintiff Solna Web, Inc. On November 12, 1993, following a trial to the court, Judge Lungstrum of this court entered judgment for Solna Web, Inc. *Printed Media Servs. v. Solna Web, Inc.*, 838 F.Supp. 1453 (D.Kan.1993). On December 15, 1993, the Eighth Circuit Court of Appeals declared that the default judgment held by PMS was void. *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir.1993). The court held that the Minnesota District Court, which entered the default judgment, was without personal jurisdiction because of a failure of service of process. *Id.* Plaintiffs Solna Web and Evello now seek to recover against PMS on claims for wrongful garnishment and attachment and malicious prosecution related to the underlying enforcement action.

In its answer, PMS has raised the defense of failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs challenge the sufficiency of defendant's 12(b)(6) defense and ask the court to strike it. Essentially, plaintiffs seek a determination that they have stated a claim upon which relief can be granted. Citing only Federal Rule of Civil Procedure 12(d) as authority, plaintiffs state that they are entitled to know if they have failed to state a claim so they can amend prior to the expiration of the statute of limitations.

■ Federal Rule of Civil Procedure 12(d) makes pretrial review of Rule 12 defenses upon the motion of a party discretionary, rather than mandatory. *See also Rivera–Gomez v. de Castro*, 900 F.2d 1, 2 (1st Cir.1990); *Vasconcellos v. EG & G, Inc.*, 131 F.R.D. 371, 372 (D.Mass.1990); *United States v. Central States Theatre Corp.*, 159 F.Supp. 552, 554 (D.Neb.1957).

■ It is obvious from the parties' briefs that this is a highly contentious and complicated case. Whether or not plaintiffs have stated a claim turns on complicated factual and legal questions. Courts frequently defer consideration of Rule 12(d) challenges in such cases. *See Shellburne, Inc. v. New Castle County*, 293 F.Supp. 237, 246 (D.Del.1968); *Grace v. MacArthur*, 170 F.Supp. 442, 447 (E.D.Ark.1959); *De Belaieff v. Moulton*, 17 F.R.D. 207, 209 (D.R.I.1955); *Gulbenkian v. Gulbenkian*, 33 F.Supp. 19, 20 (S.D.N.Y. 1940). A court may also defer its ruling on the sufficiency of a defense until trial to avoid costly and inefficient duplication of evidence. *See Central States Theatre*, 159 F.Supp. at 555. Finally, plaintiffs have not alleged any prejudice which will result from a decision to defer ruling on the sufficiency of defendant's 12(b)(6) defense. *See Grace v. MacArthur*, 170 F.Supp. at 447–48.

In sum, we are not persuaded that a determination of the sufficiency of defendant's 12(b)(6) defense is worthwhile at this early stage of the litigation. Rather, we believe that a decision on the sufficiency of defendant's 12(b)(6) defense would be premature at this juncture. Accordingly, plaintiffs' motion for a pretrial determination will be denied.

IT IS THEREFORE ORDERED that plaintiffs' motion to determine sufficiency of defense of failure to state a claim and to strike (Doc. # 13) is denied.

---

1. Defendant Solna Web joined in Evello Investment's motion. *See* (Doc. # 17).