**William PAULING, Plaintiff,**

v.

**SECRETARY OF THE DE-PARTMENT OF INTE-RIOR, Defendant.**

**No. 95 CIV. 8408(DLC).**

United States District Court, S.D. New York.

July 30, 1999.

**232**

Lee Frederick Bantle, Beldock Levine & Hoffman, New York, NY, for Plaintiff.

Jennifer Kay Brown, U.S. Attorney's Office, New York, NY, for Defendant.

### ORDER

COTE, District Judge.

Upon the Court's request, the parties have submitted letter briefs addressing whether it is for the Court or a jury to decide whether either equitable tolling or equitable estoppel should apply to allow plaintiff William Pauling's ("Pauling") case to proceed, despite his failure to contact an EEO counselor within 45 days of the alleged discrimination. For the reasons set forth herein, the Court will determine the application of tolling or estoppel to this case and the limited facts necessary to make such a determination.

### BACKGROUND

It is undisputed that Pauling did not initiate contact with an EEO officer until March 28, 1994, approximately five months after he had left his job. The parties agree, moreover, that an employee must bring his complaint to the attention of an EEO officer within 45 days of the alleged discriminatory act, unless the individual shows that he was not notified or was unaware of the time limits. 29 C.F.R. § 1614.105(a)(1), (2).

In two decisions dated April 14 and July 15, 1997, this Court granted summary judgment against Pauling based on his failure to comply with the timeliness provisions of the EEOC regulations. In an Opinion dated November 13, 1998, reviewing this Court's grant of summary judgment to defendant, the Second Circuit Court of Appeals held that Pauling had raised an issue of material fact "in support of his contention that he was not placed on notice—constructive or otherwise—of the 45–day limitations period" and remanded for further proceedings. *Pauling v. Sec'y of Dep't of Interior*, 160 F.3d 133, 137 (2d Cir.1998). As an initial matter, the Court must determine whether the principles of tolling and estoppel embodied in the EEOC regulations must be applied, and any disputed facts surrounding their application found, by this Court or by a jury.

### DISCUSSION

To resolve this question, the Court confronts the apparent clash of two established principles of law in this Circuit. First, where a statute of limitations operates as an affirmative defense, "issues of fact as to the application of that defense must be submitted to the jury." *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 242 n. 2 (2d Cir.1984). *See also Maslan v. American Airlines, Inc.*, 885 F.Supp. 90, 93 (S.D.N.Y.1995). This is relevant because the timeliness require-

ment in the EEOC regulations has been likened frequently to a statute of limitations. *See, e.g., Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir.1998) (citing cases). At the same time, however, application of the equitable doctrines at issue—tolling and estoppel—remains within the province of the Court. *See Majid v. Fielitz*, 700 F.Supp. 704, 707 (S.D.N.Y.1988) (citing *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 60 (2d Cir.1986)).

■ For several reasons, it is better for the Court to address the issues of tolling and estoppel in this case. Most important to this conclusion is the parties' agreement that Pauling failed to meet the timeliness requirement, or, in the parlance of statutes of limitations, that the statute had run. In other words, there is no legal or factual dispute concerning the application of the statute of limitations. The factual disputes to be resolved relate only to whether the equitable doctrines at issue should be applied to render Pauling's failure to act sooner harmless to his case. Specifically, Pauling identifies two factual areas that must be resolved to determine the appropriateness of tolling: (1) Where were the notices advising of the time limitation posted?; and (2) Did Pauling have access to those places? As there are no factual disputes concerning the statute of limitations having run, resolution of the issues of tolling and estoppel in this case does not require the Court to tread upon the jury's prerogative to consider those facts surrounding application of a statute of limitations. Instead, the Court need only find those facts necessary to determine the appropriate application of tolling or estoppel to this case.

In addition, the facts surrounding the question of tolling or estoppel are entirely distinct from those facts underlying Pauling's legal claims. Accordingly, there is no danger of the Court reaching any issues that will be squarely before the jury if the case proceeds to trial. This fact distinguishes this case from those few cases in which courts have placed the issues of equitable tolling or estoppel in the hands of a jury based in part upon the overlap of factual issues between the equitable tolling/estoppel question and the parties' underlying claims. *See Ott v. Midland–Ross Corp.*, 600 F.2d 24, 31 (6th Cir.1979); *Vasconcellos v. EG & G, Inc.*, 131 F.R.D. 371, 372 (D.Mass.1990). Where the parties' legal claims do not share common issues of fact with the equitable claims or defenses, the Court appropriately decides the equitable claims in full. *See, e.g., Granite State Insurance Co. v. Smart Modular Technologies, Inc.*, 76 F.3d 1023, 1026–27 (9th Cir.1996).

Finally, judicial economy and efficiency in resolving this matter will also be served by the Court's handling of these issues, for their resolution will either streamline the legal and factual issues for trial or render a trial altogether unnecessary. For these reasons, the Court shall determine the facts surrounding the application of tolling or estoppel in this case.

## CONCLUSION

For the reasons stated, the Court shall address the question of tolling and estoppel.

**SO ORDERED.**