## MAURO

v.

## BOARD OF HIGHER EDUCATION, et al.

No. 86 Civ. 1831 (EW).

United States District Court, S.D. New York.

July 3, 1986.

Nicholas J. Mauro, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; Nicole A. Gordon, Grace Goodman, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff, a former instructor in the business department of Kingsborough Community College ("Kingsborough"), commenced this action against the Board of Higher Education, Kingsborough, City University of New York Chancellor Joseph P. Murphy, Kingsborough President Leon Goldstein, Vice President Israel Glasser, and the chairman of Kingsborough's business department, Melvin Levine. Plaintiff asserts claims of discrimination based on his race, color, gender and national origin in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Defendants move to dismiss the complaint on the ground that plaintiff's claims are time-barred. Two issues are presented by defendants' motion: 1) is plaintiff's Title VII claim time-barred for plaintiff's failure to file his EEOC complaint within 300 days of the discriminatory act; and 2) is plaintiff's § 1981 claim barred by the applicable statute of limitations.[1]

Plaintiff *pro se*, a white Italian-American male, was informed by letter on November 16, 1981, that he had not been reappointed for the following academic year (1982–1983). By letter dated January 20, 1982, plaintiff was informed that his appeal from the decision not to reappoint him had been denied. Plaintiff's last day of employment was August 30, 1982. He filed his EEOC complaint on March 15, 1983. On November 8, 1985, the EEOC issued plaintiff a Right to Sue Letter, stating that plaintiff had failed to file his claim with the EEOC within 300 days of the alleged discriminatory act. Thereafter, plaintiff filed this complaint with the Pro Se office on January 13, 1986.

### Title VII Claim

To be timely, a Title VII claim must be filed with the EEOC "within 300 days after the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(e). "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State College v. Ricks*, 449 U.S. 250, 256–57, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980).

It is undisputed that plaintiff received notice of his termination on November 16, 1981. He filed his EEOC complaint 484 days later, on March 15, 1983. Thus, plain-

---

1. Originally, defendants contended that plaintiff's Title VII claim was barred because plaintiff had failed to file his complaint within 90 days of receiving his EEOC right to sue letter. At oral argument on June 3rd, defendants dropped this argument, having been informed that plaintiff had filed his complaint with the Pro Se office within the 90-day period.

tiff's Title VII claim is time-barred unless the Court applies the doctrine of equitable tolling. He contends he is entitled to such relief.

■ The 300–day limitations period is not a jurisdictional prerequisite to suit in federal court; it is "a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The Second Circuit has held that "[t]he essence of the doctrine 'is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action.'" *Cerbone v. ILGWU*, 768 F.2d 45, 48 (2d Cir.1985) (quoting *Long v. Abbott Mortgage Corp.*, 459 F.Supp. 108, 113 (D.Conn.1978)); *see also Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 60 (2d Cir.1986). The 300–day period is not

> tolled or delayed pending the employee's realization that the conduct was discriminatory unless the employee was actively misled by his employer, he was prevented in some extraordinary way from exercising his rights, or he asserted his rights in the wrong forum, in which event tolling of the time period might be permitted as a matter of fairness.... An 'extraordinary' circumstance permitting tolling of the time bar on equitable grounds might exist if the employee could show it would have been *impossible* for a reasonably prudent person to learn that his discharge was discriminatory.

*Miller v. International Telephone & Telegraph Corp.*, 755 F.2d 20, 24 (2d Cir. 1985) (emphasis added). "[W]hen an employer's conduct is 'extraordinary' enough ... equitable tolling will defer the start of the EEOC filing period from the time of the discriminatory action to the time the employee should have discovered the action's discriminatory nature." *Dillman*, 784 F.2d at 60.

■ Plaintiff has not offered any basis to support the application of the doctrine of equitable tolling. While plaintiff's brief is replete with speculative allegations of conspiracy, plaintiff has presented no factual matter which in the slightest degree supports a charge that his employer actively misled him or that he was prevented in some "extraordinary" way from exercising his rights.

By his own admission, Mauro was advised as early as January 1982 by his grievance officer, Dr. Joseph Muzio, to consider bringing charges of discrimination. (Plaintiff's Brief at 29–30). In May 1982, plaintiff received a copy of a report entitled, "A History of Italian-American Discrimination at City University of New York." (*See* Exh. M; Plaintiff's Brief at 34). Yet, plaintiff failed to take any action. According to plaintiff:

> Almost every day, Muzio and the plantiff [sic] met to discuss the plantiff's [sic] situation and invariably Muzio raised the issue of discrimination. He urged the plantiff [sic] to return to the KCC library and review the Chancellor's Reports again. The plantiff [sic] was adverse to his suggestion.
>
> Nevertheless, leaving nothing to chance, in late July or early August of 1982 ... [plaintiff] returned to the KCC library for a second look at the reports.

(Plaintiff's Brief at 35.) During this second visit to the library, plaintiff learned that Doris Dingle, a black female instructor in the education department at Lehman College, another college within the City University of New York system, had been retained despite not having completed her doctorate. It is upon this fact that plaintiff claims he was the victim of unlawful discrimination.

Plaintiff's rationale for waiting from November 16, 1981 to March 15, 1983 to file his EEOC complaint boils down to the argument that he did not believe he had been the victim of discrimination; that he had to be convinced and was not convinced until after he saw the Calandra report and after he learned that Doris Dingle, employed at a different college in the CUNY system, had been retained. When plaintiff had that in-

formation, he was represented by an attorney and the 300–day period had not expired. Plaintiff offered no explanation for why he waited an additional 7 or 8 months to file his EEOC complaint.

In sum, plaintiff's argument is nothing more than a *post hoc* explanation for his failure to assert his claim in a timely fashion. Mauro's employers did not interfere with his ability to exercise his rights nor are there any extraordinary circumstances present to warrant tolling the expiration of the 300–day period until March 15, 1983, 16 months after Mauro was notified he would be terminated.

█ Moreover, Mauro has not shown that it would have been "impossible for a reasonably prudent person to learn that his discharge was discriminatory" long before July or August 1982. *Miller,* 755 F.2d at 24. In view of the almost constant prodding from Muzio and others as early as January 1982, plaintiff has failed to sustain this burden.

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.". *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam). Accordingly, plaintiff's Title VII claim is dismissed.

### § 1981 Claim

█ Our Court of Appeals has consistently held that the statute of limitations for § 1981 actions is 3 years. *See Ingram v. Madison Square Garden Center, Inc.,* 709 F.2d 807, 811 (2d Cir.1983); *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir.1976), *cert. denied,* 434 U.S. 968, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977); *Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 47 (2d Cir.1978). Plaintiff received notice of his termination on November 16, 1981 and his last day of employment was August 30, 1982. Using either of these dates, plaintiff filed his complaint in this action after the 3–year limitations period expired. Plaintiff's § 1981 claim is dismissed.

The Clerk of the Court shall enter an order dismissing plaintiff's complaint.

So ordered.