**Martin WALL, Plaintiff,**

v.

**NATIONAL BROADCASTING COMPANY, INC.,
Defendant.**

**No. 90 Civ. 7702 (PKL).**

United States District Court,
S.D. New York.

July 31, 1991.

---

Dienst & Serrins (Alan Serrins, of counsel), New York City, for plaintiff.

Schoolman, Shatzkin & Furman, P.C. (Richard Schoolman, of counsel), National Broadcasting Co., Inc. (Katherine Raymond, of counsel), New York City, for defendant.

LEISURE, District Judge.

This is an action for reinstatement and damages pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff, a former employee of defendant, was notified on October 7, 1988, that his position was to be eliminated. Plaintiff alleges that, instead of eliminating his position, defendant gave his job responsibilities to a younger person.

Defendant now moves the Court for summary judgment dismissing the complaint against it, pursuant to Federal Rule of Civil Procedure 56, on the ground that plaintiff's complaint is time-barred.

## BACKGROUND

It is undisputed that plaintiff Martin Wall ("Wall") was employed by defendant National Broadcasting Company, Inc. ("NBC"), in the position of Manager of Security Operations at the time of his termination in late 1988. On October 7, 1988, Wall, then 52, was informed by his supervisor, John Bergersen ("Bergersen"), that his position was going to be eliminated because of a "downsizing" of the security depart-

ment. Wall was told that his last day of work would be December 2, 1988.

Plaintiff alleges that after his termination, through "word of mouth," Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Plain. Mem.") at 2, he "discovered that his job responsibilities rather than being eliminated, remained largely unchanged and given to a younger individual." Complaint ¶ 11. The person allegedly given plaintiff's former responsibilities was Sam Ofshinsky, ("Ofshinsky"), then 35, who was also employed in NBC's security department.

Defendant asserts that the positions of both Wall and the other Manager of Security Operations were eliminated, leaving the security department with three employees. According to Bergersen, within a few days of their October 7 meeting, he and Wall had a meeting at which Wall told Bergersen that he believed Ofshinsky was taking his job. Bergersen states that he informed Wall that the responsibilities of the two positions eliminated would be absorbed by the remaining staff, as well as by outside contractors.

■ Wall filed claims of age discrimination under ADEA and the New York Human Rights Law with the New York State Division of Human Rights (the "Division") and the Equal Employment Opportunity Commission ("EEOC")[1] on September 29, 1989.[2]

The date of the filing of the charge is 357 days after October 7, 1988. In his com-

plaint, Wall asserts that the filing period should be calculated from December 2, 1988, his last day of work. That date is 301 days before the filing of the charge. In his papers filed in opposition to the instant motion, plaintiff asserts that the 300–day period did not begin to run until "sometime in late December of 1988," Plain. Mem. at 4, when he allegedly received notice that he had been replaced by a younger person.

## DISCUSSION

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "Summary judgment is appropriate if, 'after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party.' " *United States v. All Right, Title & Interest in Real Property, etc.,* 901 F.2d 288, 290 (2d Cir.1990) (quoting *Murray v. National Broadcasting Co.,* 844 F.2d 988, 992 (2d Cir.), *cert. denied,* 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988)). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celo-*

---

1. Under a work-sharing agreement between the Division and EEOC, an age discrimination charge that falls under both ADEA and state law may be accepted by the Division as an agent for EEOC. *See* Declaration of Richard Schoolman, dated April 25, 1991 ("Schoolman Dec."), Exhibits B, C. On January 1, 1991, the Division found no probable cause to believe that Wall's termination had violated the state's Human Rights Law. *See* Schoolman Dec. Exhibit D.

2. Plaintiff alleges in his complaint that the charge was filed on or about August 25, 1989. Complaint ¶¶ 15, 16. In his brief in opposition to this motion, plaintiff asserts that he filed the charge on or about September 8, 1988. Plain. Mem. at 2. However, the copy of the charge

obtained by defendant from EEOC is stamped "RECEIVED Sep 29, 1989." *See* Schoolman Dec. ¶ 2; *id.* Exhibit A. The order issued by the Division after investigation also states that Wall's charge was filed on September 29, 1989. *See* Schoolman Dec. Exhibit D at 1.

As defendant points out, even a filing on August 25, 1989, would have occurred some 322 days after October 7, 1988, the date on which plaintiff was notified of the decision to terminate him. However, since the date of filing of a charge is the date of receipt of the charge by EEOC, *see Taylor v. General Tel. Co.,* 759 F.2d 437, 440 (5th Cir.1985), the Court finds the date of the filing of Wall's charge to be September 29, 1989.

*tex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The substantive law governing the case will identify the facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.... While the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are crucial and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there does indeed exist a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2510; *see also R.C. Bigelow, Inc. v. Unilever N.V.,* 867 F.2d 102, 107 (2d Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 64, 107 L.Ed.2d 31 (1989). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying which materials it believes "demonstrate the absence of a genuine issue of material fact." *Celotex, supra,* 477 U.S. at 323, 106 S.Ct. at 2552; *see also Trebor Sportswear Co. v. Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra,* 477 U.S. at 325, 106 S.Ct. at 2554.

Once a motion for summary judgment is properly made, the burden then shifts to the nonmoving party, which " 'must set forth facts showing that there is a genuine issue for trial.' " *Anderson, supra,* 477 U.S. at 250, 106 S.Ct. at 2511 (quoting Fed.R.Civ.P. 56(e)). "Conclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.' " *Delaware & H. Ry. v. Consolidated Rail Co.,* 902 F.2d 174, 178 (2d Cir.1990) (quoting *Anderson, supra,* 477 U.S. at 252, 106 S.Ct. at 2512, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)).

## II. ADEA

Under the ADEA,

[a] prerequisite for filing a civil action ... is the filing of a timely charge of unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC"). Ordinarily, such charge must be filed within 180 days after the alleged unlawful act occurred. However, the filing limitation period is extended to 300 days when ... the state within which the alleged act of age discrimination occurred has a law prohibiting age discrimination in employment and authorizes a state agency to enforce that law.

*Economu v. Borg–Warner Corp.,* 829 F.2d 311, 313 (2d Cir.1987).

The parties do not dispute that the relevant filing period for this cause of action, which arose in New York state, is 300 days. *See, e.g., Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 47 n. 1 (2d Cir.1985). However, the parties contest the date on which the instant cause of action accrued, as well as the applicability of the doctrine of equitable tolling to plaintiff's claim.

### A. Accrual of Cause of Action

It is now well established that "the filing limitation period for claims of employment discrimination commences on the date the allegedly discriminatory decision 'was made and communicated to [the employee].' " *Economu, supra,* 829 F.2d at 315 (quoting *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980)); *see also Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). The Supreme Court has held that "[w]here ... the only challenged employment practice occurs before the termination date, the limitations periods necessarily commence to run before that date." *Ricks, supra,* 449 U.S. at 259, 101 S.Ct. at 504.

Plaintiff argues that he "did not receive notice of the discriminatory employment

decision, i.e. his replacement by a younger individual, until sometime in late December of 1988." Plain. Mem. at 4. Plaintiff seems to mean that his cause of action accrued not when he was told that he was being terminated, but on the date that he happened to hear that he had been replaced by a younger man.

In a recent decision, the Seventh Circuit was careful to "distinguish between the *accrual* of the plaintiff's claim and the *tolling* of the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir.1990) (Posner, J.) (emphasis in original), *cert. denied,* —— U.S. ——, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). As the *Cada* Court noted,

> Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong that injures the plaintiff occurs, but the date—often the same, but sometimes later—on which the plaintiff discovers that he has been injured.... If Cada did not discover that he had been injured, i.e., that a decision to terminate him had been made, until May 22, the statute of limitations did not begin to run till that day....

*Id.*

█ As the *Cada* Court made clear, an employee has notice of his injury on the date that the employer has clearly communicated to the employee its decision to terminate him. It is not a prerequisite to accrual that an employee have "information necessary to decide whether the injury is due to ... wrongdoing by the defendant." *Id.* at 451. The Second Circuit has also held that "ordinarily the applicable period starts to run on the employer's commission of the unlawful act and is not tolled 'pending the employee's realization that the conduct was discriminatory.'" *Id.* at 448–49 (quoting *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985)); *see also Shockley v. Vermont State Colleges,* 793 F.2d 478, 481–82 (2d Cir.1986).

Since the decision to terminate Wall was clearly made and communicated to Wall as of October 7, 1988, his claim is time-barred unless the running of the limitations period is tolled.

**B. Equitable Tolling**

As the Supreme Court noted in a recent opinion concerning the applicability of the doctrine of equitable tolling to age discrimination suits,

> [f]ederal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.... [T]he principles of equitable tolling ... do not extend to ... garden variety claim[s] of excusable neglect.

*Irwin v. Veterans Administration,* —— U.S. ——, 111 S.Ct. 453, 457–458, 112 L.Ed.2d 435 (1990) (footnotes omitted); *see also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151–52, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984) (per curiam).

The essence of the doctrine of equitable tolling of a statute of limitations

> "is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action." ... Under this doctrine, the statute does not begin to run until "the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice."

*Cerbone, supra,* 768 F.2d at 48 (quoting *Long v. Abbott Mortgage Corp.,* 459 F.Supp. 108, 113 (D.Conn.1978) and *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 461 (2d Cir.1974)). While the doctrine arose in connection with fraud claims, it has been applied to other causes of action "where the facts show that the defendant

engaged in conduct, often itself fraudulent, that concealed from plaintiff the existence of the cause of action." *Id.*

In *Baldwin County,* a Title VII case, the Supreme Court identified four circumstances that would justify the application of equitable tolling: (1) if a claimant has received inadequate notice; (2) if a motion for appointment of counsel is pending and equity would justify tolling the statutory period until a decision on the motion; (3) if the court has led the plaintiff to believe that everything required had been done; or (4) if affirmative misconduct on the part of defendant lulled the plaintiff into inaction. *Baldwin County, supra,* 466 U.S. at 151, 104 S.Ct. at 1725. Only the fourth of these grounds has any possible relevance to the instant case.

In the context of age discrimination claims, the Second Circuit has held that a court may toll the running of the filing period if a claimant was "actively misled by his employer" or "prevented in some extraordinary way from exercising his rights." *Miller, supra,* 755 F.2d at 24. The Court went on to state that "[a]n 'extraordinary' circumstance permitting tolling of the time bar on equitable grounds might exist if the employee could show that it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory." *Id.* Such circumstances have rarely been found by courts in this Circuit. *See, e.g., Cerbone, supra,* 768 F.2d at 49 (finding no basis for equitable tolling in ADEA case); *Rodriguez v. Village of Island Park,* 1991 WL 128568, 1991 U.S. Dist. LEXIS 9469 (E.D.N.Y. July 9, 1991) (finding no basis for equitable tolling in section 1981, 1982 and 1983 claims); *Otubu v. Wakefern Food Corp.,* 741 F.Supp. 57 (S.D.N.Y.1990) (finding no basis for equitable tolling in Title VII case); *Mauro v. Board of Higher Education,* 658 F.Supp. 322, 324 (S.D.N.Y.1986) (Weinfeld, J.) (same), *aff'd,* 819 F.2d 1130 (2d Cir.), *cert. denied,* 484 U.S. 865, 108 S.Ct. 186, 98 L.Ed.2d 139 (1987).

Plaintiff contends that his affidavit, "which is contradictory to defendants' [*sic* ] affidavits regarding when he knew that he was being replaced by a similarly situated younger individual," Plain. Mem. at 4, raises issues of material fact that preclude summary judgment. Plaintiff argues that his claim "is not time barred, as it was filed within 300 days of the date plaintiff could have reasonably found out that he was being replaced by a [younger person]. Prior to the end of December, plaintiff was clearly under the impression, as told to him by ... Bergersen, that his job was eliminated due to down sizing." *Id.*

Plaintiff also contends that he has made a showing in his affidavit that NBC acted to mislead him or to conceal its discriminatory action by informing Wall that his job was eliminated because of downsizing. Wall says that "he had no reason to believe that his termination was discriminatory until he found out that Ofshinsky was replacing him sometime late in December.... [H]e did not contemplate Ofshinsky taking his position, as Ofshinsky was manager of health and safety, and before taking over Wall's responsibilities, had no background or experience in security." *Id.*

On the present motion, it is not necessary to determine whether Wall's job responsibilities were, in fact, given to Ofshinsky, or any other question going to the merits of the case. Wall fails to present any evidence of any extraordinary conduct by defendant that would justify the tolling of the limitations period. The purported deception by NBC is Bergersen's explanation that Wall was terminated because of a "downsizing" of the security department; Wall does not even contest the fact that the department was made smaller. Rather, Wall contends merely that defendant did not tell him that he was being replaced by a younger employee. In other words, plaintiff evidently maintains that the filing period for any claim of a discriminatory firing should be tolled unless an employer actually informs the employee of its unlawful act.

Even if the logic of plaintiff's argument were more apparent, the allegations in this case are remarkably vague. Plaintiff does not assert any particular date of discovery, but merely that he discovered

**476**

the discrimination "some time" in December. Plaintiff provides no evidence as to the source or the factual basis of his alleged discovery, or of any obstacle to an earlier discovery. Plaintiff has thus failed to set forth evidence demonstrating that he could not have discovered the alleged discriminatory act at an earlier date in the exercise of reasonable diligence. Plaintiff's nebulous allegations do not suffice to raise a genuine issue of fact on this point.

Moreover, even if equitable tolling were appropriate in this case, it is far from clear that plaintiff would be entitled to the full extension of time to file that is claimed. A number of courts have held that even where applicable, equitable tolling does not "bring about an automatic extension of the statute of limitations by the length of the tolling or any other definite term" but merely "gives the plaintiff extra time *if he needs it.* If he doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations." *Cada, supra,* 920 F.2d at 452 (emphasis added); *see also Baldwin County, supra,* 466 U.S. at 151 n. 5, 104 S.Ct. at 1725 n. 5 (presumably, if equitable tolling applies, "plaintiff has a 'reasonable time' in which to file a complaint"). While the Second Circuit has stated *in dicta* that "when an employer's conduct is 'extraordinary' enough, equitable tolling will defer the start of the EEOC filing period from the time of the discriminatory action to the time the employee should have discovered the action's discriminatory nature," *Dillman v. Combustion Engineering, Inc.,* 784 F.2d 57, 60 (2d Cir.1986), it does not appear to have considered the issue in depth under facts similar to the instant case.

In the case at bar, plaintiff failed to file his claim until September 29, 1989, or some nine months after he alleges discovery of the discriminatory action. This Court is doubtful that the principles of equity entitle Wall to such lengthy delay in filing his claim. However, given the Court's conclusion that the record does not present a genuine issue of fact as to the applicability of the doctrine of equitable tolling, the Court need not decide the issue of the appropriate length of any tolling period.

Because this case does not present facts that could reasonably support a finding that the limitations period was tolled or that defendant was estopped to rely on the limitations bar, plaintiff's action is time-barred. Accordingly, defendant's motion for summary judgment is granted.

CONCLUSION

Defendant's motion for summary judgment dismissing the complaint against it is granted in its entirety.

SO ORDERED.