Nancy **MAHONEY**, Plaintiff,

v.

**BEACON CITY SCHOOL DISTRICT and Beacon City School District Board of Education, Defendants.**

**No. 95 Civ. 8099(BDP).**

United States District Court,
S.D. New York.

Dec. 23, 1997.

---

Peter D. Hoffman, Katonah, NY, for Plaintiff.

Mark Rushfeld, Shaw & Perelson, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### BACKGROUND

Plaintiff Nancy Mahoney originally brought this action against Defendants Bea-

con City School District, Beacon City Board of Education, David Shaw, Esq., Bruce Hustis,. and Richard Sagar, asserting claims under the Americans with Disabilities Act; 42 U.S.C. § 12101 *et seq.;* The Rehabilitation Act, 29 U.S.C. § 790 *et seq.;* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff also asserted state contract and tort claims against the defendants.

Plaintiff moved to amend her complaint and defendants cross moved to dismiss the complaint. By Order dated April 28, 1997, this Court directed the plaintiff to serve and file an amended complaint by May 12, 1997 and granted defendants leave to renew their summary judgment motion at that time. Plaintiff's amended complaint removed David Shaw, Bruce Hustis, and Richard Sagar as defendants and alleged only one claim—a claim for wrongful termination in retaliation for reporting illegal discrimination under Title VII of the Civil Rights Act. Defendants then renewed their summary judgment motion.

While defendants continue to assert that the amended complaint does not meet the applicable pleading requirements, this motion is confined to whether plaintiff's claims are time-barred. Defendants contend that plaintiff's claim for retaliation accrued on August 12, 1993, and that a charging affidavit filed with the Equal Employment Opportunity Commission ("EEOC") on June 14, 1995 was untimely. As a result, defendants argue that this action is barred by the statute of limitations. Plaintiff, on the other hand, concedes the late filing, but contends that mental problems that she experienced justify the tolling of the limitations period. Alternatively, she contends that the facts necessary to permit her to assert her claim were fraudulently concealed from her. For the reasons stated below, I find that plaintiff's claims are time-barred and grant the defendants' motion for summary judgment.

## FACTS

On a motion for summary judgment, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion." *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d Cir.1988). The following facts are construed accordingly.

Plaintiff was employed by the Beacon City School District (the "District") from January 30, 1990 to July 28, 1993. On June 30, 1992, plaintiff sent a letter to the District's Director of Pupil Services, Bruce Hustis, complaining of a verbal attack on her that she characterized as a "chauvinistic, unprofessional barrage of personal venom." Pursuant. to District policy, this letter was not placed in plaintiff's employment file. When plaintiff's attorneys subsequently requested plaintiff's complete files, this letter was not included. Ms. Mahoney, however, apparently kept a copy of the letter in her personal correspondence files that she kept at work and had her son bring home after her termination.

On December 22, 1992, plaintiff was involved in an automobile accident that left her seriously injured. Ms. Mahoney offers subsequent reports of two doctors to document the impact of these injuries on her mental capacities and to support her contentions that her diminished capacity justifies the tolling of the statute of limitations.

In a report dated September 21, 1994, Marian Rissenberg, Ph.D., a neuropsychologist, found that plaintiff's "recall occurred in an atypical manner, in 'telegraphic' form, and one of the two stories dealt with emotionally loaded (for her) material, on which she seemed to block." Dr. Rissenberg stated, however, that "[t]here is no evidence of impairment of primary memory functions." Susan Goodman, M.D., a Board Certified Psychiatrist, reported on May 25, 1995, that Ms. Mahoney "is oriented in all spheres." While she described Ms. Mahoney's short term memory as "impaired," she further noted that

[w]hen we first met, Ms. Mahoney's long term memory seemed grossly intact ... although she did require notes to recall the names of doctors and dates of different events, and reported feeling she had forgotten many things that used to come easily to mind. Quite recently she has remembered events at work from both before and

after the accident which she had forgotten for years.

On May 5, 1993, plaintiff wrote Dr. Sagar, the District Superintendent, and requested "a three (3) month unpaid medical leave of absence, effective April 27, 1993." On May 11, 1993, Lorretta Neilson, Clerk of the Board, wrote plaintiff that her request had been granted, effective April 27 through July 27, 1993.

On July 6, 1993, three weeks before plaintiff's leave was to expire, Dr. Sagar wrote to Ms. Mahoney seeking information about her plans to return to work. Ms. Mahoney replied on July 7, 1993:

> the personal injuries I received in the auto accident on December 22, 1992, have left me unable to return to work as Support Service Administrator in the Beacon City School District.

At that time, Ms. Mahoney sought long term disability under the District's disability insurance policy. By this time, Ms. Mahoney was represented by attorney Joseph Spiegel, of Spiegel Pergament & Brown, in connection with her personal injury claim.

On August 12, 1993, the Board responded to Ms. Mahoney that she was terminated, effective July 28, 1993. Therefore, Ms. Mahoney's claim against her employer accrued on August 12. Shortly after her termination, plaintiff had her son pick up the duplicate files of her correspondence that she kept while employed with the District and deliver them to her home. The June 30, 1992 letter was among the files that her son brought home. She then promptly forgot about those files until April 1995, "due to the serious head trauma I suffered in a car accident in December, 1992."

Later in August 1993, plaintiff was deposed in an action for damages due to the injuries she suffered in the 1992 car accident. On November 12, 1993, Mr. Spiegel wrote to the District's Personnel Office, seeking Ms. Mahoney's records. Ms. Mahoney's employment file was turned over to Mr. Spiegel on or about November 12, 1993. In September 1994, Ms. Mahoney was deposed again in connection with the 1992 car accident.

By October 1994, Ms. Mahoney had hired a second attorney, Peter Hoffman, Esq., to represent her in her termination by the District. On October 4, 1994, Mr. Hoffman wrote to Dr. Sagar, stating that Ms. Mahoney had hired him "for the purpose of investigating her employment termination from the Beacon City School District." He again sought Ms. Mahoney's complete employment file.

Plaintiff claims that she agreed to sign a Department of Education, Office of Civil Rights ("OCR") Complaint Form on April 6, 1995. It was at this time that she alleges that she first recalled the gender discrimination that she now claims pervaded her working environment at the District and further "recollected a letter I've written on this subject." The following day, she produced the June 30, 1992 letter, which she retrieved from her own files.

While plaintiff identifies sex as a basis of discrimination in her OCR complaint, when asked to describe each act of alleged discrimination, plaintiff mentions only her discharge as a result of the extended nature of her disabilities. Plaintiff alleges that her OCR complaint was referred by the OCR to the EEOC. Plaintiff submitted a charging affidavit to the EEOC on June 14, 1995. The EEOC dismissed plaintiff's charges as untimely and issued a Notice of Right to Sue on July 5, 1995.

## DISCUSSION

Before filing a Title VII action, a plaintiff must first timely file a charge with the EEOC or with an authorized state agency. *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991). The Supreme Court has held that this requirement is not jurisdictional, but instead operates as a statute of limitations, subject to defenses such as waiver, estoppel, or equitable tolling. *Zipes v. Trans World Airlines, Inc.; Independent Federation of Flight Attendants, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The plaintiff bears the burden of proving that the limitations period should be equitably tolled. *Crawford v. United States,* 796 F.2d 924, 929 (7th Cir.1986); *Barnell v. Paine Webber Jackson and Curtis Inc.,* 577

F.Supp. 976, 978 (S.D.N.Y.1984). If equitable tolling applies, the statute of limitations does not begin to run until "the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice." *Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir. 1985) (citations omitted). A number of courts have held that even where equitable tolling applies, it does not extend the statute of limitations by the length of the tolling or any other term, but merely "gives the plaintiff extra time *if he needs it." Wall v. National Broadcasting Co., Inc.,* 768 F.Supp. 470, 476 (S.D.N.Y.1991). To be timely, plaintiff must have filed an EEOC complaint within 180 days of August 12, 1993, or by February 8, 1994.

In this case, plaintiff failed to timely file a complaint with the EEOC. However, plaintiff claims that the physical injuries that she received in the 1992 car accident and her resulting "memory impairment" rendered her unable to recall until April 1995 the gender discrimination that she suffered. She also contends that defendants fraudulently concealed from her the existence of the June 30, 1992 letter allegedly serving as evidence of the gender discrimination. Plaintiff claims that had the letter been in her personnel file, she would have earlier recollected her alleged discrimination, allowing timely filing of the EEOC complaint. Accordingly, plaintiff seeks equitable tolling of the statute of limitations.

## EQUITABLE TOLLING ON THE BASIS OF "MEMORY DYSFUNCTION"

 Plaintiff cannot show that she is entitled to equitable tolling on the basis of her "memory dysfunction" after her December 1992 car accident. To determine whether a mental disorder will support a claim for equitable tolling of the statute of limitations, this Court looks to New York state law. *Decrosta v. Runyon,* 1993 WL 117583, *3 (N.D.N.Y. April 14, 1993). Under New York law, tolling for insanity is narrowly interpreted and extends only to those "who are unable

to protect their legal rights because of an overall inability to function in society." *McCarthy v. Volkswagen of America, Inc.,* 55 N.Y.2d 543, 450 N.Y.S.2d 457, 460, 435 N.E.2d 1072, 1075 (1982). The person seeking the toll must show that "the mental affliction either existed at the time of the accrual of the cause of action, or that it was caused by the event upon which the lawsuit is predicated." *Dumas v. Agency for Child Dev.— New York City Head Start,* 569 F.Supp. 831, 832 (S.D.N.Y.1983) (citing *McCarthy, supra,* 450 N.Y.S.2d at 459, 435 N.E.2d 1072). The disability must be such that "plaintiff is unable to manage his business affairs and is incapable of comprehending and protecting his legal rights and liabilities." *Decrosta v. Runyon,* 1993 WL 117583 at *3.

In this case, plaintiff claims that her "memory dysfunction" rendered her unable to recall the gender discrimination that she suffered at work. In support of this claim, however, plaintiff offers only the May 1995 report of Dr. Goodman, who attests to short term memory impairment but believes plaintiff had "grossly intact" long term memory, and the September 1994 report of Dr. Rissenberg, who observed "no evidence of impairment of primary memory functions." Plaintiff offers no admissible evidence from either doctor regarding the state of her memory between December 1992, when the car accident occurred, and September 1994, the date of Dr. Rissenberg's report, offering only her own statement to Dr. Goodman that she had recently remembered events at work that she had forgotten for years. Plaintiff has not, therefore, shown that her disability existed at the time that her cause of action accrued (August 12, 1993). Nor does she allege that her mental condition was caused by the gender discrimination that she claims to have suffered. In addition, the reports of her doctors indicate that plaintiff's long term memory was intact at the time of their respective examinations.

Plaintiff further fails to show that she was unable to manage her business affairs or comprehend and protect her legal rights so as to warrant tolling. To the contrary, in May 1993, plaintiff was lucid enough to seek medical leave from her job. She was further

able to retain counsel to represent her regarding the personal injuries she received in the December 1992 car accident and to seek long term disability payments. In addition, plaintiff was apparently competent enough to be deposed twice with respect to the car accident—once in August 1993 and once in September 1994. Plaintiff was also able to understand that she might have a claim against the District for her discharge and to hire an attorney to represent her in connection with her termination. These facts show that plaintiff was sufficiently capable of protecting her legal rights to render her ineligible for equitable tolling on the basis of her mental condition.

### FRAUDULENT CONCEALMENT

 Plaintiff also seeks to toll the statute of limitations under the doctrine of fraudulent concealment. This doctrine provides that when a "defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir.1983). Under this doctrine, the plaintiff must plead all of the following three elements with particularity:

(1) wrongful concealment by the defendant, (2) which prevented the plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing discovery of the claim.

*Butala v. Agashiwala*, 916 F.Supp. 314, 319 (S.D.N.Y.1996). The evidence submitted by plaintiff to support a fraudulent concealment claim must not be conclusory, and must establish a conspiracy or other fraudulent wrong that precluded plaintiff's possible discovery of the harm she suffered. *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995).

Here, plaintiff's claim for fraudulent concealment fails. First, plaintiff's amended complaint sets forth no factual allegations in support of her fraudulent concealment claim. The complaint states only bare conclusions, for example: "Plaintiff's injuries and disabled condition served as a pretext to manipulating her termination and covering up and fraudu-

lently concealing Defendants' and Defendants's Representative's past illegal behavior." These allegations do not even begin to meet plaintiff's burden of pleading fraud with particularity. Second, the substance of plaintiff's arguments regarding fraudulent concealment amounts only to allegations that because her June 30, 1992 letter to Bruce Hustis was not in her personnel file, defendants must have concealed it from her in order to prevent her from recalling the gender discrimination. Again, these conclusory allegations do not support a claim of fraudulent concealment. *See, e.g., Nicholas v. Nynex, Inc.*, 929 F.Supp. 727, 732 (S.D.N.Y. 1996):

Even assuming, *arguendo*, that plaintiff could show that defendants fraudulently concealed her June 30, 1992 letter from her, plaintiff cannot show that she exercised due diligence in pursuing discovery of her claim. Plaintiff was on notice of her claim on August 12, 1993. Soon after, she had her son pick up her duplicate correspondence files from the school district. Neither plaintiff nor her attorneys, however, apparently reviewed those files until 1995, despite the fact that by October 1994, Mr. Hoffman, plaintiff's attorney, was actively investigating plaintiff's discharge from the District. Further, plaintiff does not dispute the fact that she at all times had the June 30, 1992 letter in her possession. Yet she offers no explanation why neither she nor her attorneys made any search of her personal files to support her claims against the District, especially in light of her alleged memory impairments. Plaintiff cannot show due diligence in pursuing her claim.

 Even if plaintiff was entitled to equitable tolling on the basis of memory impairment or fraudulent concealment, by October 4, 1994, plaintiff had retained Mr. Hoffman to investigate her termination from the District. Mr. Hoffman assisted plaintiff in filing her OCR complaint and continues to represent plaintiff with respect to her gender discrimination claim. Retaining an attorney will end equitable tolling of a limitations period. *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 752 (1st Cir.1988); *Smith v.*

*American President Lines, Ltd.,* 571 F.2d 102, 110 (2d Cir.1978).

Thus, by October 4, 1994, plaintiff had retained Mr. Hoffman to investigate her claims against the District—claims that included discrimination. At that point, even if plaintiff had been eligible for equitable tolling, the tolling period ended, and plaintiff had 180 days to file her EEOC complaint, or until April 2, 1995. This she failed to do, filing a complaint with the Office of Civil Rights—not the EEOC—on April 6, 1995.

## CONCLUSION

Neither plaintiff's fraudulent concealment claim, nor her "memory dysfunction" claim justify tolling the statute of limitations to excuse her late filing of her EEOC complaint. Consequently, defendants' motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment for defendants.

**SO ORDERED.**